**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 577-6260
*Attorneys for Defendant Gateway Security Inc. sued herein as Gateway Group One*

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>            Plaintiff,<br><br>v.<br><br>GATEWAY GROUP ONE,<br>BENJAMIN OKOLI,<br>STATE OF NEW JERSEY,<br>COUNTY OF ESSEX,<br>CITY OF NEWARK,<br>CITY OF ELIZABETH,<br>EMERSON RUSSELL,<br>MAINTENANCE COMPANY AVIATION,<br><br>            Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 20-cv-03413 (KSH)(CLW)<br><br>**CERTIFICATION** |

**PETER T. SHAPIRO**, an attorney duly admitted to practice before this Court, hereby certifies:

1.      I am a partner of Lewis Brisbois Bisgaard & Smith LLP, attorneys for defendant Gateway Security Inc., incorrectly sued herein as Gateway Group One (Gateway). I submit this certification in support of Gateway's motion for an order pursuant to Rule 12(b)(6), F. R. Civ. P., dismissing the action against Gateway based on Plaintiff's failure to exhaust administrative remedies and alternatively under Rule 12(b)(2) based on defective service of process. Also submitted herewith are the declaration of Hari Singh, Gateway's CFO (the "Singh Decl."), a proposed order, and movant's Memorandum of Law.

2.      Annexed hereto as Exhibit A is a copy of the Amended Complaint herein. Neither it nor the original Complaint (docket no. 1) references any filing of a charge of discrimination with the Equal Employment Opportunity Commission despite all of the claims being asserted under Title VII

of the Civil Rights Act of 1964, as amended (the fifth cause of action should have been asserted under Title I of the Americans with Disabilities Act as it alleges disability discrimination in connection with employment). It is evident that Plaintiff failed to exhaust her administrative remedies, which is grounds for dismissal. These grounds for the instant motion are set forth in more detail in the accompanying Memorandum of Law.

3. The Singh Decl. explains the basis for dismissal for defective service of process. According to the affidavit of service on file (Docket no. 7-1), Plaintiff purports to have served the original Complaint only on Gateway, not the Amended Complaint. Finally, since Plaintiff did not serve Gateway within 90 days of filing this action on March 30, 2020 (Docket no. 1), dismissal under Rule 4(m) is required.

4. Annexed hereto as Exhibit B is a proposed order granting the motion.

5. For the foregoing reasons, it is respectfully submitted that the Court should grant this motion and dismiss this action against Gateway.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s Peter T. Shapiro
PETER T. SHAPIRO

Dated: October 13, 2020

4837-1831-5470.1