**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 577-6260
*Attorneys for Defendant Gateway Security Inc.*
*sued herein as Gateway Group One*

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>      Plaintiff,<br><br>   v.<br><br>GATEWAY GROUP ONE,<br>BENJAMIN OKOLI,<br>STATE OF NEW JERSEY,<br>COUNTY OF ESSEX,<br>CITY OF NEWARK,<br>CITY OF ELIZABETH,<br>EMERSON RUSSELL,<br>MAINTENANCE COMPANY AVIATION,<br><br>      Defendants. | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br><br>Case No. 20-cv-03413 (KSH)(CLW) |

**MEMORANDUM OF LAW IN SUPPORT OF
GATEWAY SECURITY INC.'S MOTION TO DISMISS**

# <u>TABLE OF CONTENTS</u>

ARGUMENT ........................................................................................................................... 1

I.     DISMISSAL IS REQUIRED BECAUSE PLAINTIFF FAILED TO EXHAUST
       HER ADMINISTRATIVE REMEDIES BEFORE FILING SUIT ....................... 1

II.    DISMISSAL IS REQUIRED BECAUSE GATEWAY WAS NOT PROPERLY
       SERVED WITH PROCESS ................................................................................. 4

CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Baldwin Cnty. Welcome Ctr. v. Brown*,
    466 U.S. 147 (1984)................................................................................................ 3

*Brown v. General Services Admin.*,
    425 U.S. 820 (1976)................................................................................................ 2

*Chhaparwal v. West Virginia U. Hosps., Inc., 07-CV-3608*,
    2008 U.S. Dist. LEXIS 32851 (D.N.J. Apr. 22, 2008) ........................................... 5

*Davis v. Postmaster General of the U.S.*,
    773 F. App'x 108 (3d Cir. 2019) ............................................................................ 4

*Eberhart v. United States*,
    546 U.S. 12 (2005).................................................................................................. 2

*Figueroa v. Buccaneer Hotel, Inc.*,
    188 F.3d 172 (3d Cir. 1999) ................................................................................... 2

*Fort Bend Cty., TX v. Davis*,
    587 U.S. ___, ___, 139 S.Ct. 1843 (2019)............................................................. 2

*Grand Entertainment Group v. Star Media Sales*,
    988 F.2d 476 (3d Cir. 1993)................................................................................... 5

*Granger v. Am. E-Title Corp., 10-CV-4627*,
    2012 U.S. Dist. LEXIS 12165 (D.N.J. Feb. 1, 2012) ............................................. 4

*Henderson v. Shinseki*,
    562 U.S. 428 (2011)................................................................................................ 2

*Lee v. Genuardi's Family Markets, LLC*,
    10-CV-10641, 2020 U.S. Dist. LEXIS 72213 (D.N.J. July 10, 2010)..................... 5

*McCrary v. Corry Mftg. Co.*,
    61 F.3d 224 (3d Cir. 1995)..................................................................................... 2

*Reddy v. Medquist, Inc., 06-CV-4110*,
    2009 U.S. Dist. LEXIS 68122 (D.N.J. Aug. 4, 2009).............................................. 5

*Watson v. Eastman Kodak Co.*,
    235 F.3d 851 (3d Cir. 2000).................................................................................... 2

*West v. Am. Honda Motor Co., 08-0700*,
    2008 U.S. Dist. LEXIS 72343 (D.N.J. Aug. 28, 2008)............................................ 5

*Williams v. PA Human Relations Comm.*,
    870 F.3d 294 (3d Cir. 2017)...................................................................... 4

**Statutes**

42 U.S.C. § 12117(a) ...................................................................................... 1

42 U.S.C. § 2000e-5(b) .................................................................................. 1

42 U.S.C. § 2000e-5(c) .................................................................................. 1

42 U.S.C. § 2000e-5e(1) ................................................................................ 1

42 U.S.C. § 200-5(b) ...................................................................................... 2

42 U.S.C. § 200-5(f)(1) .................................................................................. 2

42 U.S.C. § 200e-F(1) .................................................................................... 2

**Rules and Regulations**

29 CFR § 1601.13 ........................................................................................... 1

29 CFR § 1601.28 ........................................................................................... 2

Rule 4(m), F.R.Civ.P. ..................................................................................... 5

Defendant Gateway Security Inc., sued herein as Gateway Group One ("Gateway"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum of law in support of its motion to dismiss the Amended Complaint and each claim for relief therein with prejudice.

## ARGUMENT

## I.

### DISMISSAL IS REQUIRED BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES BEFORE FILING SUIT

Title VII of the Civil Rights Act of 1964, as amended, requires that any person seeking to file suit alleging discrimination in violation of the statute's provisions must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), within 180 days after the alleged unlawful employment practice occur[s] or within 300 days if the local jurisdiction has a fair employment agency and there is a work sharing agreement between that agency and the EEOC. 42 U.S.C. § 2000e-5(b), 5(c), 5e(1); 29 CFR § 1601.13. The same requirement applies to employment-related claims of disability discrimination under Title I of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12117(a). The EEOC and New Jersey have such a work sharing agreement and New Jersey is classified as a deferral state such that the aggrieved individual has 300 days to file a charge of discrimination. After a charge is filed, the EEOC investigates and may issue a determination as to whether there is probable cause to believe the charge is

well founded, following which the EEOC can bring a civil action against the employer or it can dismiss the charge and notify the charging party of his or her right to sue in court. 42 U.S.C. § 200e-5(f)(1), 5(b), F(1); 29 CFR § 1601.28. If the EEOC issues a right to sue notice, the charging party may commence his or her own civil action but must do so within 90 following notice of the right to sue. Section 2000e-5(f)(1). *See generally, Fort Bend Cty., TX v. Davis*, 587 U.S. ___, ___, 139 S.Ct. 1843, 1846-7 (2019). *See also Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999) (suit must be filed within 90 days after right to sue notice is issued); *McCrary v. Corry Mftg. Co.*, 61 F.3d 224, 229 (3d Cir. 1995). Under Title VII, "a litigant must exhaust available administrative remedies in a timely fashion" as a prerequisite to gaining access to the federal courts. *Brown v. General Services Admin.*, 425 U.S. 820, 832 (1976) (emphasis added); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000).

This requirement to exhaust administrative remedies is a nonjurisdictional claim-processing rule, which "seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Fort Bend Cty.*,139 S.Ct. at 1849, quoting *Henderson v. Shinseki*, 562 U.S. 428, 34 (2011). This rule is mandatory such that the Court must enforce the rule when, as here, the party properly raises it. *Id.*, 139 S.Ct. at 1849, quoting *Eberhart v. United States,* 546 U.S. 12, 19 (2005) (per curiam). "Procedural requirements

established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

Here, the Complaint is devoid of any reference to the filing of an EEOC charge and as set forth in the accompanying declaration of Hari Singh, CFO of Gateway (the "Singh Decl."; ¶ 2), it is patent that no EEOC charge was ever filed. (By contrast, the Amended Complaint does refer to the filing of a notice of claim against a municipal defendant (¶ 19 and Exh. A.)) Yet all of Plaintiff's claims are brought under the federal employment discrimination statutes, specifically Title VII, which requires exhaustion of administrative remedies as a precondition to suit. The Fifth Cause of Action should have been brought under Title I of the ADA as it is predicated on disability discrimination, which is not covered by Title VII and instead is governed by the ADA as the statutory provisions clearly state. In any event, that count and all the other claims are fatally defective in view of Plaintiff's failure to comply with the exhaustion requirement.

It is clearly too late for Plaintiff to file any charge with the EEOC at present, since she alleges she was terminated or suspended in July 2019. She would have had 300 days from that last date of discrimination to file suit; *i.e.,* until roughly May 26, 2020 (assuming the clock started to run as of July 31, 2020). Dismissal of

the Complaint and each claim for relief stated therein with prejudice is therefore required.

See *Davis v. Postmaster General of the U.S.*, 773 F. App'x 108, 109 (3d Cir. 2019) (plaintiff sued under Title VII without obtaining a right to sue notice form the EEOC, defendant timely raised the plaintiff's failure to exhaust his administrative remedies, and the Third Circuit affirmed the dismissal, stating that the failure to exhaust administrative remedies was fatal to the claim).

Moreover, while Defendant Benjamin Okoli – a former Gateway employee - has not been properly served and no counsel is appearing for him at present, dismissal as to him is clearly compelled because Plaintiff's claims against him fail inasmuch as Title VII and the ADA do not support individual liability. *Williams v. PA Human Relations Comm.,* 870 F.3d 294, 300 (3d Cir. 2017).

## II.

## DISMISSAL IS REQUIRED BECAUSE GATEWAY WAS NOT PROPERLY SERVED WITH PROCESS

Alternatively, dismissal is required because Gateway was not properly served with process and as a result the Court lacks *in personam* jurisdiction over Gateway. As the Singh Decl. demonstrates, service on a Ms. Kirby was not good service because Gateway has never employed anyone by that name (¶ 3).

The Court cannot exercise jurisdiction over a party that has not been properly served. *Granger v. Am. E-Title Corp.,* 10-CV-4627, 2012 U.S. Dist.

LEXIS 12165, at *8 (D.N.J. Feb. 1, 2012), citing *Reddy v. Medquist, Inc.,* 06-CV-4110, 2009 U.S. Dist. LEXIS 68122, at *6 (D.N.J. Aug. 4, 2009).

Ms. Kirby is not known to Gateway and was not an employee of Gateway (Singh Decl. ¶ 3). But even assuming for the sake of argument that she were a Gateway employee, the affidavit of service (Docket No. 7-1) does not establish that she was authorized to accept service. *See Lee v. Genuardi's Family Markets, LLC,* 10-CV-10641, 2020 U.S. Dist. LEXIS 72213, at **10-11 (D.N.J. July 10, 2010) ("mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to [accept service]"; *West v. Am. Honda Motor Co.,* 08-0700, 2008 U.S. Dist. LEXIS 72343 (D.N.J. Aug. 28, 2008). It is evident that a non-employee cannot be authorized to accept service. Service was clearly improper.

Given this challenge to the sufficiency of service, the burden is on Plaintiff to show service was valid. *Grand Entertainment Group v. Star Media Sales,* 988 F.2d 476, 488 (3d Cir. 1993). Plaintiff would have to show the agent's authority to accept service. *Lee v. Genuardi's Family Markets, LLC,* 2010 U.S. Dist. LEXIS 72213, at *11. Plaintiff cannot possibly make that showing.

Finally, since more than 90 days have passed since this action was filed on March 30, 2020 (Docket No. 1), and Plaintiff never properly served Gateway with process, dismissal is required under Rule 4(m), F.R.Civ.P. *See Chhaparwal v. West*

*Virginia U. Hosps., Inc.,* 07-CV-3608, 2008 U.S. Dist. LEXIS 32851 (D.N.J. Apr. 22, 2008) (dismissal granted when process not served within 120 days).

## CONCLUSION

For the foregoing reasons, defendant Gateway respectfully requests that the instant motion be granted and this action dismissed with prejudice and without leave to replead.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Peter. T. Shapiro
    Peter T. Shapiro, Esq.
    Peter.shapiro@lewisbrisbois.com
    *Attorneys for Defendant Gateway Security Inc.*

Dated:   October 13, 2020

## <u>CERTIFICATE OF SERVICE</u>

Peter T. Shapiro hereby certifies that on October 13, 2020, he caused the within Memorandum of Law to be served on all counsel of record and filed by ECF. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

<u>/s/ Peter T. Shapiro</u>
Peter T. Shapiro