KENYATTA K. STEWART, CORPORATION COUNSEL
CITY OF NEWARK-DEPARTMENT OF LAW
920 BROAD STREET, ROOM 316
NEWARK, NEW JERSEY 07102
Attorney for Defendant City of Newark

By:  Gary S. Lipshutz, Esq.
     Assistant Corporation Counsel
     Telephone: (973) 733-5945
     Facsimile: (973) 733-5394
     Email: lipshutzg@ci.newark.nj.us

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ARIELLE FLETCHER,** | : Civ. No. 2:20-cv-3413-KSH-CLW |
| Plaintiff, | : Honorable Katharine S. Hayden, U.S.D.J. |
| v. | : Honorable, Cathy L. Waldor, U.S.M.J. |
| **CITY OF NEWARK et al.,** | : Motion Day:  November 16, 2020 |
| Defendants. | : |

**DEFENDANT CITY OF NEWARK'S BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT IN LIEU OF ANSWER**

KENYATTA K. STEWART
CORPORATION COUNSEL
Attorneys for Defendant

GARY S. LIPSHUTZ, ESQ.
On the Brief

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................. 3
SUMMARY OF ARGUMENT.............................................. 5
STATEMENT OF FACTS............................................... 6
PROCEDURAL HISTORY............................................... 7
LEGAL ARGUMENT................................................... 7
  STANDARD OF REVIEW............................................. 7
  POINT I ...................................................... 10
    PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAIM AGAINST THE CITY
    BECAUSE 42 U.S.C. § 2000e-16 ONLY PROVIDES A REMEDY AGAINST
    THE FEDERAL GOVERNMENT ..................................... 10
  POINT II ..................................................... 13
    ALTERNATIVELY, PLAINTIFF HAS NO LEGALLY COGNIZABLE TITLE VII
    CLAIM AGAINST THE CITY BECAUSE THERE IS NO EMPLOYMENT
    RELATIONSHIP BETWEEN PLAINTIFF AND THE CITY ............... 13
CONCLUSION...................................................... 14

...

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

Anspach v. City of Phila.,
  503 F.3d 256 (3d Cir. 2007) ................................... 9

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ......................................... 7

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ......................................... 7

Brown v. General Services Administration,
  425 U.S. 820 (1976) ........................................ 10

Connelly v. Lane Const. Corp.,
  809 F.3d 780 (3d Cir. 2016) ................................. 8

Covington v. International Association of Approved Basketball
  Officials,
  710 F.3d 114 (3d Cir. 2013) ............................. 13, 14

Ellis v. Naval Air Rework Facility, Alameda, Cal.,
  404 F. Supp. 377 (N.D. Cal. 1975) .......................... 10

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009) ................................. 8

Francis v. Mineta,
  505 F.3d 266 (3d Cir. 2007) ................................ 10

Ingram v. Twp. of Deptford,
  858 F. Supp. 2d 386 (D.N.J. 2012) ........................... 9

Institutional Investors Group v. Avaya, Inc.,
  564 F.3d 242 (3d Cir. 2009) ................................. 9

Neitzke v. Williams,
  490 U.S. 319 (1989) ...................................... 7, 8

Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.,
  106 F. Supp. 2d 761 (D.N.J. 2000) ........................... 8

Syncsort Inc. v. Sequential Software, Inc.,
  50 F. Supp. 2d 318 (D.N.J. 1999) ............................ 9

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
  551 U.S. 308 (2007) ........................................... 9

Werner v. Werner,
  267 F.3d 288 (3d Cir. 2001) ................................... 9

Wilson v. U.S. Dep't of Transp.,
  759 F. Supp. 2d 55 (D.D.C. 2011) ......................... 12, 13

**Statutes**

5 U.S.C. § 105............................................... 11

5 U.S.C. § 103............................................... 11

5 U.S.C. § 104............................................... 12

42 U.S.C. § 2000e-2(a)....................................... 14

42 U.S.C. § 2000e-16(a).................................. 10, 11

42 U.S.C. § 2000e-16(c)...................................... 12

42 U.S.C. § 2000e(a) and (c)................................. 10

N.J.S.A. 40:69A-1............................................ 12

## SUMMARY OF ARGUMENT

Proceeding under Title VII, Plaintiff Arielle Fletcher ("Plaintiff") alleges that **her former employer**, Defendant Gateway Group One, created a hostile work environment, discriminated against her based on sex, subjected her to sexual harassment perpetuated by her supervisor, and retaliated against her for engaging in protected activities.

What is the cause of action alleged in the Amended Complaint against the defendant, City of Newark ("City")? Plaintiff says that the City "partially-owns the Newark Liberty International Airport . . ." D.E. 4, ¶12.  The City does not dispute its partial ownership in this motion but seems entirely irrelevant. Plaintiff then concludes that because of its partial ownership of the Airport, the City is somehow the "the relevant executive agency . . . pursuant to 28 U.S.C. § 2000e-16(c)." Id.[1]  That is the sum of the meager allegations against the City.

Yet, the provision of Title VII cited by Plaintiff, as pertinent to the City, is only applicable to the federal government.  Plainly, the City is a municipal corporation duly created under the laws of the State of New Jersey, and is not part of the federal governmental. So, even accepting the fact that the City partially owns the Airport, Plaintiff's claims against the

---

[1] We surmise that Plaintiff intended to cite "**42** U.S.C. § 2000e-16" because "**28** U.S.C. § 2000e-16(c)" does not exist.

5

City still fail even construing Plaintiff's Amended Complaint under the most liberal standard, Plaintiff simply fails to state a claim against the City.

### STATEMENT OF FACTS

For the purposes of this motion only, the City assumes, without admitting, the truth of the allegations of Plaintiff's Amended Complaint to the extent that they are not contradicted by more specific allegations therein or documents integral thereto, incorporated by reference therein, or judicially noticeable.

Before being terminated sometime in July 2019, Plaintiff was employed as a customer sales representative by Gateway Group One.[2] D.E. 4, ¶¶3 & 35. During her time there, it is alleged that Plaintiff was sexually harassed by her supervisor, Defendant Benjamin Okoli in a multitude of ways, thereby causing a hostile work environment. Id. at ¶4. Gateway Group One apparently failed to protect Plaintiff from Mr. Okoli's harassment, and instead it retaliated against her.

Pertinent to this motion, the business that is Gateway Group One is, apparently, physically located at the Newark Liberty International Airport ("Newark Airport"), which is within the geographical boundaries of the City. Id. at ¶9. Plaintiff alleges

---

[2] It is alleged that Gateway Group One may also do business as, or is in a business partnership with, Emerson Russel Maintenance Aviation Company. D.E. 4, ¶17.

6

that the City partially owns Newark Airport, which is not at all in dispute, but based entirely upon that premise, Plaintiff makes the conclusory leap that the City is the "relevant executive agency" with respect to federal-government-based Title VII claims pursuant to 42 U.S.C. § 2000e-16. Id. at ¶12.

There are no other factual allegations against the City in Plaintiff's Amended Complaint. Most notably, Plaintiff does not allege that the City **is her employer**, nor are there any facts in the Amended Complaint to support the plausibility of such a proposition.

## PROCEDURAL HISTORY

Plaintiff filed her initial Complaint on March 30, 2020. D.E. 1. On April 3, 2020, the Plaintiff filed an Amended Complaint naming additional defendants. D.E. 4.

Defendant City of Elizabeth filed a motion for summary judgement on September 24, 2020. D.E. 12. In response, Plaintiff filed a letter consenting to City of Elizabeth's dismissal in this lawsuit, but only without prejudice. D.E. 14.

Gateway Group One filed a motion to dismiss which is returnable on November 16, 2020. D.E. 17.

## LEGAL ARGUMENT

### STANDARD OF REVIEW

A 12(b)(6) motion serves an important role in the litigation process in that it "streamlines litigation by dispensing with

7

needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), sets the standard for a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). "Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016).

"First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" Id. (citations omitted) (alterations in original). "Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" Id. (citations omitted). Stated differently, "the factual and legal elements of a claim should be separated." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Under the third prong, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Connelly, 809 F.3d at 787 (citations omitted) (alterations in original).

A court can "dismiss a claim on the basis of a dispositive issue of law." Neitzke, 490 U.S. at 326. Dismissal may be with prejudice where proposed amendments would be futile as unable to make the claim plausible. See Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

8

On a motion to dismiss, courts may "consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Institutional Investors Group v. Avaya, Inc., 564 F.3d 242, 252 (3d Cir. 2009) (alterations in original) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322(2007)) (internal quotation marks omitted). A court may also review documents that are integral to the complaint. Syncsort Inc. v. Sequential Software, Inc., 50 F. Supp. 2d 318, 325 (D.N.J. 1999) ("Documents attached to a motion to dismiss must be explicitly relied upon or integral to the complaint or counterclaim of the nonmovant."). Information relating to the filing of a notice of claim is integral to a complaint alleging tortious violations by a municipality. See Ingram v. Twp. of Deptford, 858 F. Supp. 2d 386, 400 (D.N.J. 2012).

Concerning judicial notice "[a] court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute. . . . [and a] judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) (footnote omitted) (citations omitted). "Courts ruling on Rule 12(b)(6) motions may take judicial notice of public records." Anspach v. City of Phila.,

9

503 F.3d 256, 273 n.11 (3d Cir. 2007).

Guided by Twombly and Iqbal, here, based on the Plaintiff's Amended Complaint alone, dismissal is appropriate as a matter of law. Plaintiff's allegation that the City is the "relevant executive agency" under 42 U.S.C. § 2000e-16 is meritless because this statute only authorizes a cause of action against a federal employer. The City is a not a federal governmental body.

## POINT I

### PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAIM AGAINST THE CITY BECAUSE 42 U.S.C. § 2000e–16 ONLY PROVIDES A REMEDY AGAINST THE FEDERAL GOVERNMENT

"Federal employees were expressly excluded from the coverage of Title VII as it was initially enacted. 42 U.S.C. § 2000e(a) and (c)." Ellis v. Naval Air Rework Facility, Alameda, Cal., 404 F. Supp. 377, 381 (N.D. Cal. 1975). "In 1972, Congress extended Title VII's protection to federal employees." Francis v. Mineta, 505 F.3d 266, 271 (3d Cir. 2007). Accordingly, 42 U.S.C. § 2000e-16 offers **federal employees** the exclusive, preemptive, administrative scheme for the **redress of federal employment** discrimination. In enacting this specific section, Congress meant to give federal employees the same rights as private individuals bringing employment discrimination claims. Ellis, 404 F. Supp. at 381. In Brown v. General Services Administration, 425 U.S. 820, 835 (1976), the Supreme Court clarified that 42 U.S.C. § 2000e-16 "provides

the **exclusive judicial remedy** for claims of discrimination in **federal employment.**" (emphasis added).

42 U.S.C. § 2000e-16(a) provides:

> Discriminatory practices prohibited; employees or applicants for employment subject to coverage
>
> All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in **executive agencies** as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Regulatory Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Publishing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin. (Emphasis added).

The reference to "executive agency" in 42 U.S.C. § 2000e-16(a) further refers to the definition set forth in section 105 of Title 5, and that term, "means an Executive department, a Government corporation, and an independent establishment." 5 U.S.C. §105.

The City is obviously not an "Executive department" of the federal government. The City is also not a "Government

11

corporation," which means, "a corporation owned or controlled by the Government of the United States." 5 U.S.C. § 103.

Finally, the City is not an "independent establishment," as that term is defined in 5 U.S.C. § 104:

> (1) an establishment in the executive branch (other than the United States Postal Service or the Postal Regulatory Commission) which is not an Executive department, military department, Government corporation, or part thereof, or part of an independent establishment; and
>
> (2) the Government Accountability Office.

Here, vaguely, Plaintiff alleges that the City "partially-owns the Newark Liberty International Airport and is, therefore head of the relevant executive agency. . . . pursuant to 42[sic] U.S.C. § 2000e-16(c)." The City is, of course, organized under New Jersey's statutory scheme of the Optional Municipal Charter Law, N.J.S.A. 40:69A-1 to -210, (the "Faulkner Act"). As the City is not a federal department, corporation, or independent establishment of the federal government, Plaintiff clearly has no cognizable Title VII, 42 U.S.C. § 2000e-16, cause of action **against the City.**

It is also important to clarify that the City's ownership of Newark Airport does not make it "the head of the relevant executive agency" within the meaning 42 U.S.C. § 2000e-16(c). This provision requires that a federal employee who files a civil action alleging employment discrimination must name the head of the federal department, agency, or unit as defendant. Wilson v. U.S. Dep't of

12

Transp., 759 F. Supp. 2d 55, 67 (D.D.C. 2011). To illustrate, in Wilson, the pro se plaintiff, who worked for the Federal Highway Administration ("FHWA"), filed a lawsuit asserting Title VII employment discrimination claims, among many other claims, against the Department of Transportation and nine other individuals. Id. at 59. The court held that the "only proper defendant in suits brought under these statutes is the head of the department or agency being sued." Id. at 67. Accordingly, the court dismissed all ten (10) named defendants, and substituted the Department of Transportation for the proper defendant, the Secretary of Transportation, Ray LaHood, as the single defendant. Id. at 67.

Here, the City clearly is not the "the head of the relevant executive agency" merely because it partially owns Newark Airport.

### POINT II

**ALTERNATIVELY, PLAINTIFF HAS NO LEGALLY COGNIZABLE TITLE VII CLAIM AGAINST THE CITY BECAUSE THERE IS NO EMPLOYMENT RELATIONSHIP BETWEEN PLAINTIFF AND THE CITY**

Although not specifically plead in Plaintiff's Amended Complaint, and out of an abundance of caution, it is perhaps common sense to point out that in order to proceed under any Title VII employment discrimination claim, an "employment relationship" needs to exist between the plaintiff and defendant. Covington v. International Association of Approved Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013). An employment relationship exists in either of two ways: (1) the traditional "employee-employer"

13

relationship; or (2) a job applicant is rejected by a potential employer as an unlawful employment practice. 42 U.S.C. § 2000e-2(a). Here, Plaintiff is neither vis-a-vis the City.

In assessing whether the plaintiff counts as an employee for purposes of Title VII, Courts "focus the employment relationship analysis on the level of control the defendant[s] ... exerted over the plaintiff: which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities." Covington, 710 F.3d at 119 (internal quotations omitted).

Here, Plaintiff's Amended Complaint does not plausibly allege that the City was her employer nor are there any facts to plausibly support such a proposition.

## CONCLUSION

For the above reasons, the City respectfully requests that the Court grant this motion to dismiss.

                              Respectfully submitted,

                              **KENYATTA K. STEWART, CORPORATION COUNSEL**
                              *Attorney for Defendant City of Newark*

                        By:   */s/Gary S. Lipshutz*
                                 Gary S. Lipshutz, Esq.
                                 Assistant Corporation Counsel

Dated: October 16, 2020