Joseph Rakofsky, Esq.
J.A. Rakofsky
Injury & Accident Law, LLC
P.O. Box 32250
Newark, NJ 07102
Tel. (888) 977-0090
*Attorney for Defendant and*
*Third-Party Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>*Plaintiff*<br><br>-against-<br><br>GATEWAY GROUP ONE,<br>BENJAMIN OKOLI,<br>STATE OF NEW JERSEY,<br>COUNTY OF ESSEX,<br>CITY OF NEWARK,<br>CITY OF ELIZABETH,<br>EMERSON RUSSELL<br>MAINTENANCE COMPANY AVIATION,<br>PORT AUTHORITY OF NEW YORK<br>AND NEW JERSEY<br><br>*Defendants*. | **BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT, CITY OF NEWARK'S MOTION TO DISMISS**<br><br>CIVIL ACTION<br><br>Docket No. 2:20-cv-3413 |

Plaintiff, by and through her attorney, Joseph Rakofsky, Esq., pursuant to N.J.S.A. 2A:53A-27 and the cases cites herein, hereby files her *Opposition to Defendant, City of Newark's Motion to Dismiss*. In Support of its instant *Opposition*, Plaintiff respectfully represents as follows:

## STANDARD OF REVIEW

To exercise personal jurisdiction lawfully, three requirements must be met. "First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective.... Third, the exercise of personal jurisdiction must comport with constitutional due process principles." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012) (footnotes and internal citations omitted), certified question accepted sub nom. *Licci v. Lebanese Canadian Bank*, 18 N.Y.3d 952, 944 N.Y.S.2d 472, 967 N.E.2d 697 (2012), and certified question answered sub nom. *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 960 N.Y.S.2d 695, 984 N.E.2d 893 (2012).

Constitutional due process assures that an individual will only be subjected to the jurisdiction of a court where the maintenance of a lawsuit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. 154 (internal quotation marks omitted). Personal jurisdiction is "a matter of individual liberty" because due process protects the individual's right to be subject only to lawful power. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 884, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011) (plurality opinion) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)).

The Due Process Clause requires that deprivation of life, liberty or property by adjudication be preceded by notice and an opportunity for a hearing. "The

fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U. S. 385, 394. Process "may be served in any district where the defendant resides, is found, or has an agent...." 18 U.S.C § 2334(a). However, "**Personal service has not in all circumstances been regarded as indispensable** to the process due to residents… (emphasis added)" *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306 - Supreme Court (1950).

The doctrine of Due Process is intended to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer*, 311 U. S. 457; *Grannis v. Ordean*, 234 U. S. 385; *Priest v. Las Vegas*, 232 U. S. 604; *Roller v. Holly*, 176 U. S. 398. The notice must be of such nature as reasonably to convey the required information, *Grannis v. Ordean*, supra, and it must afford a reasonable time for those interested to make their appearance, *Roller v. Holly*, supra, and cf. *Goodrich v. Ferris*, 214 U. S. 71. But if with due regard for the practicalities and peculiarities of the case these conditions **are reasonably met**, such constitutional requirements are satisfied. "The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals." *American Land Co. v. Zeiss*, 219 U. S. 47, 67; and see *Blinn v. Nelson*, 222 U. S. 1, 7.

Here, on March 21, 2020, Defendant, Gateway Group One, received proper service. The process server served a woman who identified herself as the "Custodian of Records" for Defendant, Gateway Group One. However, Defendant, Gateway Group One, at most, can legitimately argue that merely the name is incorrect of the

individual who identified herself as the "Custodian of Records." However, this does not negate service. Apparently, the "Custodian of Records" refused to give her complete (or legal) name. Plaintiff must not be punished for this.

Plaintiffs' counsel is not a detective, nor is he a process server. He is merely an attorney who has diligently prosecuted the instant matter. Plaintiff hired Guaranteed Subpoena Service, Inc., which is one of the largest and most respected and well-regarded process servers in the tri-state area. "Guaranteed Subpoena Service has been meeting client expectations since 1982, and has repeatedly been voted the 'Best Process Server' by The New York Law Journal Reader Ranking 2019, The New Jersey Law Journal Best of 2019, The Legal Intelligencer Best of 2019, and The Connecticut Law Tribune Best of 2015 Readers Survey." (See **Exhibit B**.)

Moreover, the process server, in the Affidavit of Service, even went so far as to provide a physical description of the self-identified "Custodian of Records" (as well as identified by other agents of Defendant, Gateway Group One, as the "Custodian of Records"). Defendants have not represented that the "Custodian of Records" for Defendant, Gateway Group One, is not "female," or between "36 – 50" years-old in Age, or with a Weight of "131 – 160" pounds, or with "Blonde" hair. In addition, Defendants do not argue that the address of Defendant was incorrect. The reason for this is clear: everything was correct and service was proper.

Accordingly, if an agent of Defendant, Gateway Group One, represented to the process server that she was the "Custodian of Records" for Defendant, Gateway Group

One, but refused to give her complete (or legal) name, there is nothing Plaintiff can do about this. However, such refusal to provide a legal name does not negate service.

In any event, here, there was proper notice. (See **Exhibit A**.) That Defendant, Gateway Group One, entered an appearance in the instant matter bespeaks that proper notice was provided. In addition, pursuant to *Grannis*, Defendant, Gateway Group One, has not been deprived of any opportunity for any hearing. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U. S. 385, 394.

Here, Plaintiff properly served the defendants because she served the complaint, pursuant to Federal Rule of Civil Procedure § 2334(a) (providing that service is proper if the complaint is served on a "general agent" of the entity). Thus, pursuant to *International Shoe*, requiring Defendant, Gateway Group One, to litigate the instant matter, given that it was duly and properly served, does not offend "traditional notions of fair play and substantial justice."

In addition, pursuant to 18 U.S.C § 2334(a) because process "may be served in any district where the defendant resides, is found, or has an agent...," here, service of process was proper, as the process was served upon a woman who was identified by various agents of Defendant, Gateway Group One (as well as by herself) as being the "Custodian of Records" for Defendant, Gateway Group One. (See **Exhibit A**.)

Last, it is well-settled, as the *Mullane* Court held, "**Personal service has not in all circumstances been regarded as indispensable** to the process due to residents... (emphasis added)" *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306 -

Supreme Court (1950). Assuming, *arguendo*, in a hypothetical situation that Defendant, Gateway Group One, were never served, the *Mullane* Court stated, "personal service [is] not in all circumstances…indispensable." In any event, here, Defendant, Gateway Group One, was duly and properly served.

### GOOD CAUSE EXSITS FOR THIS COURT TO ALLOW PLAINTFF ACCESS TO COURT

*Pro se* litigants, as well as those represented by counsel, are entitled to meaningful access to the courts. See *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974); *Ross v. Moffitt*, 417 U.S. 600, 612-15 (1974); *Johnson v. Avery*, 393 U.S. 483, 485 (1969).

Sufficient access to the courts, is a right protected by the Due Process Clause of the Fourteenth Amendment. See *Wolff*, 418 U.S. at 579-80; *Corpus v. Estelle*, 409 F. Supp. 1090, 1097 (S.D. Tex. 1975), aff'd, 542 F.2d 573 (5th Cir. 1976); *Potuto, The Right of Prisoner Access: Does Bounds Have Bounds?*, 53 Ind. L.J. 207, 215-19 (1977-78); Note*, Prisoners' Rights- Failure to Provide Adequate Law Libraries Denies Inmates' Right of Access to the Courts,* 26 U. Kan. L. Rev. 636, 643-44 (1978).

Sufficient access to the courts is equally a fundamental right protected by the First Amendment, which guarantees to all persons use of the judicial process to redress alleged grievances. See *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (right to petition Government for redress of grievances); *NAACP v. Button*, 371 U.S. 415, 428-29 (1963)(same), *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974); *Johnson v. Avery*, 393 U.S. 483, 488 (1969).

The right to present evidence is, of course, essential to the fair hearing required by the Due Process Clause. See *Baltimore & Ohio R. Co.* v. *United States,* 298 U. S. 349, 368-369 (1936).

Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment, even in the civil context at issue here, See, e. g., *Richardson v. Belcher*, 404 U. S. 78, 80-81 (1971); *Richardson v. Perales*, 402 U. S. 389, 401-402 (1971); *Flemming v. Nestor*, 363 U. S. 603, 611 (1960).

The "right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *Joint Anti-Fascist Comm. v. McGrath,* 341 U. S. 123, 168 (1951) (Frankfurter, J., concurring).

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U. S. 545, 552 (1965). See G*rannis v. Ordean*, 234 U. S. 385, 394 (1914); *Fuentes v. Shevin,* 407 U.S. 67, 81, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). The right to notice and the opportunity to be heard "must be granted at a meaningful time." *Fuentes,* 407 U.S. at 81, 92 S.Ct. at 1994; *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985).

Relevant to the instant suit, the Affidavit of Service, provides a physical description of the self-identified "Custodian of Records" (as well as identified by other agents of Defendant, Gateway Group One, as the "Custodian of Records"). (See

**Exhibit A**.) Defendants have not represented that the "Custodian of Records" for Defendant, Gateway Group One, is not "female," or between "36 – 50" years-old in Age, or with a Weight of "131 – 160" pounds, or with "Blonde" hair. Accordingly, while the "Custodian of Records," apparently, refused to give her complete (or legal) name, Plaintiff must not be punished for this.

SUBSTANTIAL COMPLIANCE

The equitable doctrine of substantial compliance has deep roots in English common law, *Neil v. Morgan,* 1862 WL 3359, at *3 (Ill. 1862), and has received repeated recognition in the New Jersey Supreme Court's own cases (*McCarty v. Boulevard Comm'rs of Hudson Co.*, 91 N.J.L. 137, 142, 106 A. 219 (Sup.Ct. 1918), aff'd, 92 N.J.L. 519, 106 A. 891 (E. A. 1918); *Travis Highlands*, 136 N.J.L. 199, 202, 55 A.2d 109 (Sup.Ct. 1947) as well as in cases elsewhere. See *Ray v. City of Birmingham*, 275 Ala. 332, 154 So.2d 751, 752-753 (1963); *Burmek v. Miller Brewing Co.*, 2 Wis.2d 330, 86 N.W.2d 629, 630-631 (1958); *Brickell v. Kansas City, Mo.*, 364 Mo. 679, 265 S.W.2d 342, 344-345 (1954); *Perry v. City of High Point*, 218 N.C. 714, 12 S.E.2d 275, 278 (1940); cf. *Giovanniello v. City of New York*, 163 Misc. 868, 296 N.Y.S. 886, 888 (Sup.Ct. 1936); *Knight v. City of New York*, 249 App. Div. 635, 291 N.Y.S. 291, 292 (1936). [*Zamel v. Port of N.Y. Auth.*, 56 N.J. 1, 5-6 (1970).]

Its purpose is to avoid the harsh consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose. *Anske v. Borough of Palisades Park*, 139 N.J. Super. 342, 347 (App.Div. 1976). It is a doctrine

based on justice and fairness, designed to avoid technical rejection of legitimate claims. *Zamel*, *supra*, 56 N.J. at 6.

Here, an agent of Defendant, Gateway Group One, represented to the process server that she was the "Custodian of Records" for Defendant, Gateway Group One, but refused to give her complete (or legal) name. Such refusal to provide a legal name does not negate service. Pursuant to Federal Rule of Civil Procedure § 2334(a), service was proper and effective.

Further, here, there was both proper service and effective notice. (See **Exhibit A**.) In addition, as previously mentioned, the *Grannis* Court held, "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U. S. 385, 394. In the instant matter, Defendant, Gateway Group One, has not been deprived of any opportunity for any hearing. That Defendant, Gateway Group One, entered an appearance in the instant matter bespeaks that proper notice was provided.

## LACK OF PREJUDICE TO THE DEFENDING PARTY

This Honorable Court's acceptance of the Affidavit of Service (see **Exhibit A**) would not prejudice Defendant, Gateway Group One, in any manner. Defendant, Gateway Group One, was provided proper service. In addition, it was provided effective Notice. Consequently, it timely entered a Motion in lieu of an Answer. Accordingly, it has not suffered and will not suffer any prejudice if it is required to remain in this litigation.

## A REASONABLE NOTICE OF PLAINTIFFS CLAIM

Defendant, Gateway Group One, had reasonable notice of Plaintiff's claim. In *Galik*, the court reasoned that when the defendants' insurance carriers were served with the plaintiff's expert report eight months prior to the filing of the complaint, the "carriers obviously notified the insureds, on whose behalf they engaged in settlement negotiations." *Galik*, 771 A.2d at 1151. Similarly, in *Mayfield*, the court determined that it was evident from the expert documents and the plaintiff's complaint that the defendants had reasonable notice. *Mayfield*, 762 A.2d at 244.

In this case, it is also evident that Defendant, Gateway Group One, had reasonable notice of Plaintiff's claim. On or about August 12, 2020, Plaintiff's counsel filed the Affidavit of Service with this Honorable Court.

Moreover, the process server, in the Affidavit of Service, even went so far as to provide a physical description of the self-identified "Custodian of Records" (as well as identified by other agents of Defendant, Gateway Group One, as the "Custodian of Records"). Defendants have not represented that the "Custodian of Records" for Defendant, Gateway Group One, is not "female," or between "36 – 50" years-old in Age, or with a Weight of "131 – 160" pounds, or with "Blonde" hair. Nor do Defendants argue that the address was incorrect. In short, everything was correct and service was proper.

## RELAXATION

Defendant Rule 1:1-2 (Pressler & Verniero, Current N.J. COURT RULES, (GANN) 2017) states:

**1:1-2. Construction and Relaxation; References to Marriage, Spouse and Related Terms**

> The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes and, in civil cases, consistent with the case management/trial management guidelines set forth in Appendix XX of these rules. (*See* Exhibit J.)

Respectfully, in order to provide "fairness in administration" and a "just determination," the Court Rules should be applied to the instant matter.

Respectfully, a "just determination" would require that this Court apply some degree of "Relaxation," as set forth by R. 1:1-2.

## CONCLUSION

Plaintiff hereby prays that this Honorable Court will allow its meritorious case to proceed to trial, or that this Honorable Court will allow and provide an oral hearing on the same prior to any adverse ruling, to avoid the miscarriage of justice that will otherwise result.

____/s: Joseph Rakofsky/____
Joseph Rakofsky, Esq. (034462009)
P.O. Box 32250
Newark, NJ 07102
Tel. 888.977.0090
Fax. 888.977.4711
*Attorney for Plaintiff*
