**JOSEPH RAKOFSKY, ESQ.**
**INJURY & ACCIDENT LAW RAKOFSKY, LLC**
P.O. Box 32250
Newark, New Jersey 07102
Tel. (888)977-0090
Fax. (888)977-4711

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ARIELLE FLETCHER**<br><br>                    Plaintiff,<br><br>vs.<br><br>**GATEWAY GROUP ONE,**<br>**BENJAMIN OKOLI,**<br>**STATE OF NEW JERSEY,**<br>**COUNTY OF ESSEX,**<br>**CITY OF NEWARK,**<br>**CITY OF ELIZABETH,**<br>**EMERSON RUSSELL**<br>**MAINTENANCE COMPANY AVIATION**<br>**HARRISON AT HOLMDELL, LLC,**<br><br>                    Defendant(s) | Civ. No. 2:20-cv-3413-KSH-CLW<br><br>Honorable Katharine S. Hayden, U.S.D.J.<br><br>Honorable Cathy L. Waldor, U.S.M.J. |

## PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF ELIZABETH'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF ANSWER

**JOSEPH RAKOFSKY, ESQ.**
**Attorney for J>laintiff**
**Arielle Fletcher**

KENDAL COLEMAN, ESQ.
On the Brief

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES

SUMMARY OF

ARGUMENT

LEGAL ARGUMENT

  POINT I

      PLAINTIFF'S CLAIMS AGAINST THE CITY OF ELIZABETH FAIL AS A
      MATTER OF LAW AS ELIZABETH DOES NOT HAVE ANY CONNECTION
      TO THIS CASE

CONCLUSION

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Associated Gen'l Contractors v. Metro. Water Dist.,</u>
  159 F.3d 1178, 1181 (9th Cir. 1998) ................................................................**3**

<u>Bell Atlantic Corp. v. Twombly</u> .
  550 U.S. 554 (2007) ..................................................................................... 3

<u>Bourdeaux v. Swift Transp. Co., Inc.,</u>
  402 F.3d 536, 540 (5th Cir. 2005) ...............................................................5

 <u>Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,</u>
  379 F.3d 293, 305 (5th Cir. 2004) ...............................................................5

<u>Kendall v. Visa U.S.A., Inc.,</u>
  518 F.3d 1042, 1047 (9th Cir. 2008) .........................................................**3**

<u>Padilla v. Yoo,</u>
  678 F.3d 748, 757 (9th Cir. 2012) ...............................................................**3**

<u>Watson v. Weeks,</u>
  436 F.3d 1152, 1157 (9th Cir. 2006) ...........................................................**3**

<u>Young v. Exxon Mobil Corp.,</u>
  155 Fed. App. 798, 800 (5th Cir. 2005) .....................................................5

**Statutes**

42 U.S.C. § 2000e-16(d) and (e) ..........................................................................**4**

FED. R. CIV. P. 12(6)(6)......................................................................................5

## SUMMARY OF ARGUMENT

Discovery is required in order to ascertain whether Defendant, City of Elizabeth, possess an ownership interest in Newark Liberty International Airport, especially because a significant amount of evidence already indicates that it does. Further, an attorney for Defendant, City of Newark, who is appearing in the instant matter, Azeem M. Chaudry, expressly stated to Plaintiff's counsel that Defendant, City of Elizabeth, does, in fact, possess an ownership interest in Newark Liberty International Airport. Thus, Mr. Chaudry's representations clearly contradict those made by Defendant, City of Elizabeth's counsel.

Further, when Plaintiff's counsel asked counsel for Defendant, City of Elizabeth to confirm or refute the representations made by Mr. Chaudry, Mr. Varady refused to respond. On October 13, 2020, Plaintiff's counsel wrote, "Mr. Varady, Today, I received a phone call from the attorney for City of Newark. He represented to me that City of Elizabeth possesses an ownership interest in the airport, but leases it to PATH. Can you please confirm or refute this? Thank you." Accordingly, Mr. Varady's silence should be considered to be a tacit admission. Therefore, because there is a significant question and a genuine issue of material fact, this Honorable Court must deny Defendant, City of Elizabeth's instant motion in its entirety.

Moreover, the City of Elizabeth does not dispute any of the alleged facts in the Amended Complaint. However, The City of Elizabeth does dispute that it partially owns the Newark Liberty International Airport. See Certification of William R. Holzapfel.

On October 20, 2020, Mr. Rakofsky filed a letter to the Honorable Katharine S. Hayden, U.S.D.J., stating the contradictory statements between the City of Elizabeth and the City of Newark regarding ownership. See Exhibit A attached . On October 21, 2020, Mr. Gary S. Lipshutz, Esq., did not clarify the ownership conversation but merely stated

that the City of Newark makes no objections. See Exhibit B attached.

The City of Elizabeth does not state whether it has some contractual agreement(s) with the Defendant, Gateway Group One. Thus, the City of Elizabeth is requesting the Court to dismiss the Amended Complaint without providing any discovery which may prove it is a relevant executive agency.

## LEGAL ARGUMENT

## PLAINTIFF'S CLAIMS AGAINST THE CITY OF ELIZABETH FAIL AS MATTER OF LAW AS ELIZABETH DOES NOT HAVE ANY CONNECTION TO THIS CASE

Rule 12(6)(6), provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See FED. R. CIV. P. 12(6)(6). For a 12(6)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." Padilla v. Yoo, 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. Associated Gen'l Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must s_tate "evidentiary facts which, if true, will prove [the claim]," Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. See Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006).

Under Federal Rule of Civil Procedure 12(6) (6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(6)(6), the complaint must

1. It must assert a plausible claim; and

2. It must set forth sufficient factual allegations to support the claim.

<u>Bell Atlantic Corp. v. Twombly</u> , 550 U.S. 554 (2007). To satisfy the new standard under Twombly and Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id</u>. at 570). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. Id. (citing Twombly, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id</u>. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." Id. Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." <u>Id.</u>

Here, Defendant, City of Elizabeth, does not dispute any of the alleged facts in the Complaint. The Defendant, City of Elizabeth states, "the City of Elizabeth does not own, maintain, or control the Newark Liberty International Airport. Furthermore, the City of Elizabeth has no connection to the Plaintiffs employer Gateway One Group." See Certification of William R. Holzapfel.

The City of Elizabeth is a governmental agency under 42 U.S.C. § 2000e-16(d) and (e). The City of Elizabeth is attempting to have this matter dismissed prior to providing any discovery. Discovery may prove that the City of Elizabeth has agreement(s) with the Defendant(s) which support Plaintiffs arguments that it is liable. Moreover, the City of Elizabeth has made contradictory statements which prove that discovery is necessary prior to the Court considering dismissing this matter against the City of Elizabe th.

Again, the City of Elizabeth has not provided a scintilla of evidence showing that

it does not have an employment relationship with the Plaintiff other than the Certification of Mr. Holzapfel.

### Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. Bourdeaux v. Swift Transp. Co. Inc., 402 F.3d 536, 540 (5th Cir. 2005). When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 305 (5th Cir. 2004). This burden is not satisfied by "some metaphysical doubt as to the material facts," "conclusory allegations, " "unsubstantiated assertions," or "only a scintilla of evidence." Young v. Exxon Mobil Corp.. 155 Fed. App. 798, 800 (5th Cir. 2005).

The City of Newark stated that the City of Elizabeth partially owns the Newark Liberty International Airport and does business with Gateway Group One. The City of Elizabeth merely states that is has no employment relationship with the Plaintiff and contradicts ownership. Based upon these contradictory statements, discovery is necessary.

### CONCLUSION

For the aforementioned reasons, Defendant, City of Elizabeth's Motion for Summary Judgment in Lieu of an Answer should be denied.

Respectfully submitted,
**JOSEPH RAKOFSKY, ESQ.**
Attorney for Plaintiff
Arielle Fletcher

BY:    /s/Kendal Coleman, Esq.
On the Brief

DATED: November 9, 2020