**COURTNEY M. GACCIONE, ESSEX COUNTY COUNSEL**
**OFFICE OF THE COUNTY COUNSEL**
**465 Dr. Martin Luther King, Jr., Blvd.**
**Hall of Records, Room 535**
**Newark, New Jersey 07102**
**Attorneys for Defendant, County of Essex**

By:     **Handel T. Destinvil, Esq.**
        **hdestinvil@counsel.essexcountynj.org**
        **Assistant County Counsel**
        **NJ Bar ID# 129102015**
        **Telephone: (973) 621-2706**
        **Facsimile:  (973) 621-4599**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ARIELLE FLETCHER,** | Civ. No. 2:20-cv-03413-KSH-CLW |
| Plaintiff, | |
| v. | |
| | **Motion Date: January 19, 2021** |
| **GATEWAY GROUP ONE, BENJAMIN OKOLI, et als.** | |
| Defendants. | |

**DEFENDANT, COUNTY OF ESSEX'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(6)**

HANDEL T. DESTINVIL, ESQ.
On the Brief

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT I

PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH
RESPECT TO HER TITLE VII CLAIMS, 42 U.S.C. § 2000e–5. . . . . . . . . . . . . . . . . . . . . . . . .4

    a.   There are no factual allegations from which to reasonably infer that Plaintiff has
        obtained a 'right-to-sue' letter from the EEOC. . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

## TABLE OF AUTHORITIES

**FEDERAL COURT CASES**

*Barzanty v. Verizon PA, Inc.*,
   361 F. App'x 411 (3d Cir. 2010) ................................................................................ 4

*Burgh v. Borough Council of Borough of Montrose*,
   251 F.3d 465 (3d Cir. 2001) .................................................................................. 4, 5

*Fort Bend Cty., Texas v. Davis*,
   139 S. Ct. 1843 (2019) ............................................................................................. 5

*In re Bayside Prison Litig.*,
   190 F. Supp. 2d 755 (D.N.J. 2002) .......................................................................... 2

*Phillips v. Cty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ..................................................................................... 2

*United States v. City of Philadelphia*,
   644 F.2d 187 (3d Cir. 1980) ................................................................................. 2, 3

**FEDERAL STATUTES**

42 U.S.C. § 2000e–5 ....................................................................................................... 4

**FEDERAL RULES OF COURT**

F.R.C.P. 12(b)(6) ........................................................................................................ 1, 2

Defendant, County of Essex ("County"), respectfully submits this memorandum of law in support of the County's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6).

## PRELIMINARY STATEMENT

On April 3, 2020, Plaintiff, Arielle Fletcher ("Plaintiff") filed an amended pleading, alleging five separate causes of action for employment discrimination arising under Title VII of the Civil Rights Act of 1964. *See* Fletcher Apr. 3, 2020 Am. Compl. ¶¶ 1-143, (ECF No. 4).

Plaintiff, however, has failed to comply with any of the procedural preconditions for filing a claim for employment discrimination under Title VII.

The County therefore moves to dismiss Plaintiff's Complaint pursuant to *F.R.C.P.* 12(b)(6).

## FACTUAL BACKGROUND

For purposes of the present motion, the County accepts as true all of the well-pled factual allegations in Plaintiff's amended pleading. *See* Fletcher Apr. 3, 2020 Am. Compl. ¶¶ 1-143, (ECF No. 4).

## LEGAL STANDARD OF REVIEW

"In considering a Rule 12(b)(6) motion, the Court may dismiss a complaint if it appears certain the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." *In re Bayside Prison Litig.,* 190 F. Supp. 2d 755, 759 (D.N.J. 2002)(internal citations omitted).

"While all well-pled allegations are accepted as true and reasonable inferences are drawn in the plaintiff's favor, the Court may dismiss a complaint where, under any set of facts which could be shown to be consistent with a complaint, the plaintiff is not entitled to relief." *See In re Bayside Prison Litig.,* 190 F. Supp. 2d at 759.

A plaintiff must do more than "allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed] conduct." *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)(internal quotations and citations omitted).

In *United States v. City of Philadelphia*, 644 F.2d 187 (3d Cir. 1980), the Third Circuit Court of Appeals further stated that "[t]he rule is well established in this circuit that a civil rights complaint that relies on vague and conclusory allegations does not provide 'fair notice' [to Defendants] and will not survive a motion to dismiss." *See id.* at 204. The Third Circuit further stated:

> We require a modest degree of factual specificity in civil rights complaints because we are concerned that (a) substantial number of these cases are frivolous or should be litigated in the State courts; they all cause defendants public officials, policemen and

citizens alike considerable expense, vexation and perhaps unfounded notoriety.

It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims.

[*See City of Philadelphia*, *supra*, 644 F.2d at 204]

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO HIS TITLE VII CLAIMS, 42 U.S.C. § 2000e–5.

"A plaintiff bringing an employment discrimination claim under Title VII ***must*** comply with the procedural requirements set forth in 42 U.S.C. § 2000e–5." *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 413 (3d Cir. 2010)(emphasis added).

One such procedural requirement is the statutory duty to obtain a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") or from the Department of Justice. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465 (3d Cir. 2001).

As set forth below, Plaintiff has failed to comply with this Title VII procedural requirements and dismissal of Counts One through Five of Plaintiff's April 3, 2020 Amended Complaint is therefore warranted. *See Barzanty*, *supra*, 361 F. App'x at 413.

**b. There are no factual allegations from which to reasonably infer that Plaintiff has obtained a right-to-sue letter from the EEOC.**

In *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465 (3d Cir. 2001) the Third Circuit held "[a] complainant ***may not*** bring a Title VII suit without having first received a right-to-sue letter." *See id.* at 470 (emphasis added).

In contravention of *Burgh*, **no** right-to-sue letter is annexed to Plaintiff's pleading and there are no factual allegations in said pleading from which to reasonably infer that Plaintiff has met the condition precedent of obtaining a right-to-sue letter from either the Equal Opportunity Employment Commission ("EEOC") *or* from the Department of Justice. *See* Fletcher Apr. 3, 2020 Am. Compl. ¶¶ 1-143, (ECF No. 4); *but see Burgh*, *supra*, 251 F.3d at 470.

4

In *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843 (2019), the United States Supreme Court held that the receipt of a right-to-sue letter was a non-jurisdictional claim-processing rule, "albeit a mandatory one" which must be enforced by a court if timely raised. See id. at 1846, 1851.

Having raised the issue at present in the County's pre-answer motion, the asserted objection to Plaintiff's failure to obtain a right-to-sue letter is timely raised. *See Davis*, *supra*, 139 S. Ct. at 1846, 1851.

Consistent with *Burgh* and *Davis*, the Court should therefore enforce the above mandatory claim-processing rule and dismiss Counts One through Five of Plaintiff's April 3, 2020 Amended Complaint for failure to exhaust her administrative remedies. *See Davis*, *supra*, 139 S. Ct. at 1846, 1851.

## CONCLUSION

For the foregoing reasons and authorities cited, Plaintiff has failed to exhaust her administrative remedies with respect to her statutory claims which arise under Title VII of the Civil Rights Act of 1964. *See Burgh*, *supra*, 251 F.3d at 470.[1]

    Respectfully submitted,

    **COURTNEY M. GACCIONE, COUNTY COUNSEL**
    **OFFICE OF THE ESSEX COUNTY COUNSEL**
    Attorney for Defendant, County of Essex

    By:  **/s/ Handel T. Destinvil**
        Handel T. Destinvil, Esq.
        Assistant County Counsel

Dated:  December 15, 2020

---

[1] As each of the Five Counts of Plaintiff's April 3, 2020 Amended Complaint arises under Title VII, the Court should dismiss the entirety of Plaintiff's claims with respect to Defendant, County of Essex.

## CERTIFICATE OF SERVICE

I, Handel T. Destinvil, hereby certify that I have served the foregoing Motion to Dismiss, Exhibits, and Proposed Order on Plaintiff and attorney(s) of record on this date by use of CM/ECF to the following recipients:

**Joseph Rakofsky, Esq., Injury & Accident Law Rakofsky, LLC**
**Via Electronic Filing: TrialLawyerUSA@gmail.com**
**Counsel for Plaintiff, Arielle Fletcher**

**Robert F. Varady, Esq., LaCorte, Bundy, Varady & Kinsella,**
**Via Electronic Filing: rvarady@lbvklaw.com**
**Counsel for Defendant, City of Elizabeth**

**Peter T. Shapiro, Esq., Lewis Brisbois Bisgaard & Smith LLP**
**Via Electronic Filing: Peter.Shapiro@lewisbrisbois.com**
**Counsel for Defendant, Gateway Security Inc., d/b/a Gateway Group One**

**Gary S. Lipshutz, Esq., First Asst. Corporation Counsel, City of Newark Law Dept.**
**Via Electronic Filing: lipshutzg@ci.newark.nj.us**
**Counsel for Defendant, City of Newark**


**I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.**


                                               **COURTNEY M. GACCIONE, COUNTY COUNSEL**
                                               **OFFICE OF THE ESSEX COUNTY COUNSEL**
                                               Attorney for Defendant, County of Essex

                                               By:__**/s/ Handel T. Destinvil**_____
                                                    Handel T. Destinvil, Esq.
                                                    Assistant County Counsel

Dated:  December 15, 2020