UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>                 Plaintiff,<br><br>     v.<br><br>GATEWAY GROUP ONE, BENJAMIN OKOLI, STATE OF NEW JERSEY, COUNTY OF ESSEX, CITY OF NEWARK, CITY OF ELIZABETH, EMERSON RUSSELL, MAINTENANCE COMPANY AVIATION, PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>                 Defendants. | Case No. 20-cv-03413 (KSH)(CLW) |

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Of Counsel and on the Brief:
Megan Lee, Esq.

# TABLE OF CONTENTS

**Contents** **Page(s)**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

    Legal Standards ................................................................................................................. 1

    Point I ................................................................................................................................. 2

    The Amended Complaint Was Not Timely Served ........................................................... 2

    Point II ................................................................................................................................ 2

    Plaintiff Failed to Exhaust Her Administrative Remedies ................................................ 2

    Point III .............................................................................................................................. 3

    The Port Authority is not Plaintiff's Employer ................................................................ 3

CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................................1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................................1

*Dezaio v. Port Auth. Of N.Y. & N.J.*,
   205 F.3d 62 (2d Cir. 2000) ..........................................................................................................2

*Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009) ................................................................1

*Gary v. Long*,
   59 F.3d 1391 (D.C. Cir. 1995) .....................................................................................................3

*Hip Heightened Indep. & Progress, Inc. v. Port Auth. Of N.Y. & N.J.*,
   693 F.3d 345 (3d Cir. 2012) ........................................................................................................2

*Karlsen v. GEICO*,
   2020 WL 7417817 (D.N.J. 2020*)* .................................................................................................1

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973) .....................................................................................................................2

*Miller v. Maxwell's International Inc.*,
   991 F.2d 583 (9th Cir. 1993) .......................................................................................................3

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002) .....................................................................................................................2

*Noel v. The Boeing Co.*,
   622 F.3d 266 (3d Cir. 2010) ........................................................................................................2

*Phillips v. Cty. of Allegheny,* 515 F.3d 224 (3d Cir. 2008) ...............................................................1

*Sullivan v. Port Auth. Of N.Y. & N.J.*,
   449 N.J. Super. 276 (App. Div. 2017) .........................................................................................2

*U.S. E.E.O.C. v. AIC Security Investigations, Ltd.*,
   55 F.3d 1276 (7th Cir. 1995) .......................................................................................................3

*Verde v. City of Philadelphia*,
   862 F. Supp. 1329 (E.D. PA. 1994) .............................................................................................3

*Watson v. Eastman Kodak Co.*,
    235 F.3d 851 (3d Cir. 2000) .................................................................................................2

**Statutes**

42 U.S.C. 2000e-5 ...........................................................................................................................2

42 U.S.C. § 2000e-5(e)(1) ...............................................................................................................2

42 U.S.C. § 2000e(b) .......................................................................................................................3

**Other Authorities**

*Fed. R. Civ. P. 4(m)* ........................................................................................................................1

*Fed. R. Civ. P.* 12(b)(1) and (6) ......................................................................................................1

*Fed. R. Civ. P.* 8(a)(2) ....................................................................................................................1

# PRELIMINARY STATEMENT

The Port Authority of New York and New Jersey ("Port Authority") submits this memorandum of law in support of its motion to dismiss the Amended Complaint pursuant to *Fed. R. Civ. P.* 4(m) and 12(b)(1) and (6) because plaintiff failed to timely serve the amended complaint on the Port Authority and file a charge of discrimination against the Port Authority with the Equal Employment Opportunity Commission (EEOC) prior to commencing this action. Even assuming plaintiff met her statutory obligations, the amended complaint fails to state a claim against the Port Authority inasmuch as it was not plaintiff's employer and the complaint fails to articulate a basis to hold the Port Authority responsible for the actions articulated therein.

# ARGUMENT

## Legal Standards

A defendant may move to dismiss a complaint for failing to state a claim under *Fed. R. Civ. P. 12(b)(6)*. An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips,* 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009).

## Point I
## The Amended Complaint Was Not Timely Served

*Fed. R. Civ. P. 4(m)* provides that if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice. The amended complaint adding the Port Authority as a party was filed on April 3, 2020, but not served on the Port Authority until December 9, 2020. *See,* Lee Cert., ¶ 2. Inasmuch as plaintiff failed to effect proper service of the summons and amended complaint within the time frame set forth in *Fed. R. Civ. P. 4(m),* this action should be dismissed as against the Port Authority. *See Karlsen v. GEICO,* 2020 WL 7417817, at *1 (D.N.J. 2020)*.

## Point II

A plaintiff bringing claims under Title VII must first exhaust her administrative remedies by initially filing a charge of discrimination with the EEOC within the statutory time period, 42 U.S.C. 2000e-5 (Title VII), and receiving from the EEOC a notice of the right to sue. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). "Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002) (quoting *Alexander v. Gardner-*

2

*Denver Co.,* 415 U.S. 36, 47 (1974)). A plaintiff's Title VII claim is barred when she either fails to or does not file a timely charge of discrimination with the EEOC. *Noel v. The Boeing Co.,* 622 F.3d 266, 270 (3d Cir. 2010).

As a bi-state agency, the Port Authority is not subject to single-state anti-discrimination legislation, therefore, "New Jersey [is] barred from applying its civil rights … statutes to the [Port] Authority." *Hip Heightened Indep. & Progress, Inc. v. Port Auth. Of N.Y. & N.J.*, 693 F.3d 345, 358 (3d Cir. 2012); *see also Sullivan v. Port Auth. Of N.Y. & N.J.*, 449 N.J. Super. 276, 288 (App. Div. 2017) ("Port Authority is not subject to suit under" single-state discrimination law). Accordingly, an EEOC charge must be filed within 180 days of the discriminatory act in order to be timely. *Dezaio v. Port Auth. Of N.Y. & N.J.,* 205 F.3d 62, 64, 66 (2d Cir. 2000).

While the amended complaint acknowledges that plaintiff was obliged to exhaust her administrative remedies (*see,* Lee Cert., Ex. A (Amended Complaint), ¶¶ 19-30), it is silent as to whether she complied with the procedural requirements set forth in Title VII with respect to the Port Authority. Accordingly, the amended complaint should be dismissed inasmuch as it is premised on alleged violations of Title VII with which plaintiff failed to comply.

## Point III
## The Port Authority is not Plaintiff's Employer

Even assuming, *arguendo,* plaintiff timely filed a charge of discrimination with the EEOC against the Port Authority, the amended complaint should still be dismissed inasmuch as the Port Authority is not plaintiff's employer. The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person. 42 U.S.C. § 2000e(b). "[F]or purposes of Title VII, an 'agent' of the employer is an employee who supervises other employees, particularly the plaintiff." *Verde v. City of Philadelphia,* 862 F. Supp. 1329,

3

1334 (E.D. PA. 1994). Courts have construed the words "and any agent" as imposing *respondeat superior* liability on employers for the acts of their employees. *See U.S. E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1281(7th Cir. 1995); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Miller v. Maxwell's International Inc. ,* 991 F.2d 583, 588 (9th Cir. 1993).

According to the complaint, plaintiff worked for Gateway Group One as a Customer Sales Representative (*see*, Lee Cert., Ex. A, ¶¶ 32, 34), but it is not clear when she was hired. She that a Gateway supervisor, Benjamin Okoli, harassed her in June 2019, as a result of which she spoke with her managers (*see,* Lee Cert., Ex. A, ¶¶ 56, 57, 60-63). In July 2019, her manager terminated plaintiff (*see*, Lee Cert., Ex. A, ¶ 70). Plaintiff references the Gateway Employee Handbook extensively in the amended complaint referencing the provisions prohibiting workplace discrimination and harassment (*see*, Lee Cert., Ex. A, ¶¶ 74-89).

Plaintiff identifies the Port Authority as the party operating Newark Liberty International Airport and claims to have spoken to a Port Authority supervisor, who directed her to speak with her Human Resources department, which she did (*see,* Lee Cert., Ex. A, ¶¶ 18, and 20-23.) This is the extent of the allegations against the Port Authority. Nevertheless, in each cause of action, plaintiff alleges that the "Port Authority, through its agents, permitted such injuries to occur." (*See*, Lee Cert., Ex. A, ¶ 97, 105, 115, 125 and 140). This allegation is nothing more than a formulaic recitation of a legal standard without any factual support.

Simply because the Port Authority operates Newark Liberty International Airport is not enough to render it responsible for alleged discriminatory actions perpetrated by other entities doing business at the airport. The allegations in the amended complaint are insufficient to support the claims asserted against the Port Authority.

## **CONCLUSION**

For all the foregoing reasons, the Port Authority respectfully requests that the amended complaint be dismissed in its entirety as against the Port Authority.

PORT AUTHORITY LAW DEPARTMENT
*Attorneys for Defendant*
Port Authority of New York and New Jersey


By: */s/ Megan Lee*
    Megan Lee, Esq.

Dated: January 29, 2021

To:    All counsel of record
       (via ECF)