UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARIELLE FLETCHER,

                Plaintiff,

      v.

GATEWAY GROUP ONE, BENJAMIN OKOLI, STATE OF NEW JERSEY, COUNTY OF ESSEX, CITY OF NEWARK, CITY OF ELIZABETH, EMERSON RUSSELL, MAINTENANCE COMPANY AVIATION, PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendants.

Case No. dc20-cv-03413 (KSH)(CLW)

# THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Of Counsel and on the Brief:
Megan Lee, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ------------------------------------------------------------------------------- 1

ARGUMENT ------------------------------------------------------------------------------------------------------ 1

    POINT I:  The Amended Complaint Was Not Timely Served ---------------------------------------- 1

    Point II:   Plaintiff Failed to Exhaust Her Administrative Remedies ------------------------------- 3

    Point III:  The Port Authority is not Plaintiff's Employer ---------------------------------------- 4

CONCLUSION --------------------------------------------------------------------------------------------------- 5

i

# TABLE OF AUTHORITIES

**Case(s)**                                                                                              **Page No(s).**

*Galik v. Clara Maass Medical Center*,
    771A.2d 1141 (2001) ---------------------------------------------------------------------------- 3

*Grannis v. Ordean*,
    234 U.S. 385 (1914) ---------------------------------------------------------------------- 2, 3

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ------------------------------------------------------------------------- 2

## Other Authorities

Fed. R. Civ. P. 4(m) and 12(b)(1) and (6) ----------------------------------------------------------- 1

Fed. R. Civ. P. 4 ------------------------------------------------------------------------------------- 1, 2

Fed. R. Civ. P. 4(m) -------------------------------------------------------------------------------- 1, 2

42 U.S.C. § 2000e(b) --------------------------------------------------------------------------------- 5

42 U.S.C. §2000e-2 ----------------------------------------------------------------------------------- 5

**PRELIMINARY STATEMENT**

The Port Authority of New York and New Jersey ("Port Authority") submits this memorandum of law in further support of its motion to dismiss the amended complaint pursuant to pursuant to *Fed. R. Civ. P.* 4(m) and 12(b)(1) and (6). In her opposition, plaintiff argues that the Port Authority was properly served, but ignores the time requirements for having done so because she clearly failed to comply with them. She also attaches her charge of discrimination purportedly sent to the Equal Employment Opportunity Commission ("EEOC"), which identifies the employer she filed the charge against as Gateway One Group. Plaintiff did not file a charge of discrimination against the Port Authority prior to commencing this lawsuit and there was no reason to do so because the Port Authority was not her employer. Accordingly, the Amended Complaint should be dismissed as against the Port Authority.

**ARGUMENT**

**POINT I**

**The Amended Complaint Was Not Timely Served**

*Fed. R. Civ. P. 4* sets forth the process for preparing and issuing a summons and complaint. It specifically provides that if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice. *See, Fed. R. Civ. P. 4(m)*. Plaintiff offers no viable excuse for failing to timely serve the Port Authority with the summons and amended complaint, which was filed with the court on April 3, 2020, but not served on the Port Authority until December 9, 2020. In fact, a Notice of Call for dismissal pursuant to this statute issued on August 3, 2020, at which time plaintiff's counsel provided affidavits of service for the Gateway defendants, the City of Elizabeth and the City of Newark, and requested an extension of time to serve the State of New Jersey and the County

of Essex. *See,* Docket Entry 7.  Plaintiff never requested an extension of time to serve the Port Authority.

Instead, plaintiff encourages the Court to ignore *Fed. R. Civ. P. 4(m)* invoking the doctrine of Due Process, which she acknowledges is intended to apprise interested parties of the pendency of the action. *See*, Plaintiff's Reply Brief filed on 3/10/21, Docket Entry No. 40 ("Pl. Br.") p. 7. If anyone was deprived of due process, it was the Port Authority, who had no notice of the pendency of this action until more than nine months after it was filed.  Moreover, the case plaintiff relies on, *Mullane v. Central Hanover Bank & Trust Co.,* specifically held that a state's statutory notice provisions violated the Due Process Clause where persons whose whereabouts were known were served via statutory notice through an announcement in a local newspaper, and thus deprived of notice of the action. 339 U.S. 306, 319-320 (1950).

While plaintiff claims the summons and amended complaint were "duly and properly served" on the Port Authority (*see*, Pl. Br. p. 7), this is simply not the case.  The Port Authority was not served and thus had no notice of this action prior to December 2020, well after the time to serve the summons and amended complaint had expired.  Further, her argument that "personal service [is] not in all circumstances . . . indispensable" (*see,* Pl. Br. p. 8), does not reference cases similar to the one at hand in which the Court issued a Notice of Call for dismissal in August 2020 because plaintiff had not provided proof of service of the summons and amended complaint on the named defendants, of which the Port Authority was one.

Plaintiff's argument that she substantially complied with *Fed. R. Civ. P. 4* is undermined by the fact that she made no attempt to serve the Port Authority prior to December 2020, well outside the required time to do so.  Plaintiff cites to *Grannis v. Ordean*, 234 U.S. 385, 394 (1914) to support her argument that due process of law requires the Court to overlook the service

requirements in the Federal Rules of Civil Procedure. But Supreme Court in *Grannis* found that the party who claimed his due process rights had been violated because he had not been served with the summons had, in fact, been served. Here, the Port Authority was not timely served, thus plaintiff's argument that due process of law somehow forgives this fundamental failure is unsupported.

Finally, plaintiff's argument that the Port Authority had "reasonable notice" of her claims and, therefore, her failure to timely serve the summons and amended complaint should be overlooked, lacks factual support. Plaintiff relies on *Galik v. Clara Maass Medical Center*, 771A.2d 1141 (2001) where the court found the plaintiff substantially complied with the state statute that required a plaintiff in a malpractice case to file an affidavit of merit from an appropriate doctor, even though the plaintiff only provided defendants with unsworn expert reports prior to commencing the action. The court noted that the reports were provided to defendants eight months prior to commencement of suit and were the basis of settlement negotiations; therefore, defendants could not claim they were prejudiced by the plaintiff's reliance on an unsworn report. *Id. at 1152*. Here, plaintiff contends that "reasonable notice" to the Port Authority of her discrimination claim was triggered by plaintiff's transportation to the emergency room by ambulance from Newark Liberty International Airport. *See*, Pl. Br. p. 12. This falls far short of the reasonable notice requirement set forth in *Galik*.

Given that plaintiff failed to timely serve the summons and amended complaint, this action should be dismissed as against the Port Authority.

## Point II

### Plaintiff Failed to Exhaust Her Administrative Remedies

In opposition to the Port Authority's motion to dismiss the amended complaint because plaintiff failed to file a charge of discrimination with the EEOC within 180 days of the

discriminatory act and thereafter receive a right to sue letter, plaintiff relies on the "Charge of Demand" allegedly sent to the EEOC on November 13, 2019. *See,* Declaration of Joseph Rakofsky dated March 10, 2021, Ex. B (Docket Entry 40-3). A review of this document reveals that the party against whom plaintiff filed her charge was Gateway Group One. In her description of discriminatory events, the only incident involving the Port Authority allegedly occurred on April 5, 2019, when plaintiff claims she spoke with a Port Authority supervisor concerning "her fears" and he directed her to speak with Human Resources, after which plaintiff spoke with Gateway's Human Resources manager. *See,* Rakofsky Dec., Ex. B, p. 2. This charge does not assert a claim against the Port Authority.

In support of her claim that she should not be denied access to the court, Plaintiff points to the EEOC's failure to respond to and investigate her charge. *See,* Pl. Br. pp. 8-10. Yet this argument fails to address the fact that plaintiff never filed a charge of discrimination against the Port Authority. Given this oversight, plaintiff's amended complaint should be dismissed inasmuch as she alleges Title VII violations against the Port Authority yet failed to comply with the statutory prerequisites for bringing such claims.

### Point III

### The Port Authority is not Plaintiff's Employer

Plaintiff does not address the Port Authority's argument that it is not her employer and, therefore, not liable for the alleged discriminatory actions she purportedly suffered at Newark Liberty International Airport. Her charge of discrimination filed with the EEOC lends further support to the Port Authority's argument in that the charge of discrimination, like the amended complaint, makes only a passing reference to a Port Authority Supervisor whom plaintiff purportedly spoke to and who advised her to pursue her claims with Gateway's Human Resources department, which she did. *See,* Lee Cert., Ex. 1, ¶¶18 and 20-23 and Rakofsky Dec., Ex. B, p. 2.

4

Inasmuch as the Port Authority is not an "employer" under 42 U.S.C. § 2000e(b), it cannot be held responsible for the unlawful employment practices set forth in 42 U.S.C. §2000e-2 *et seq*. Accordingly, the amended complaint should be dismissed inasmuch as it fails to state a claim against the Port Authority.

### Conclusion

The Port Authority should not be required to expend its limited resources defending an action that is procedurally and substantively defective as it pertains to the Port Authority. For reasons set forth in its moving papers as well as those set forth herein, the Port Authority respectfully requests that the amended complaint be dismissed in its entirety as against the Port Authority.

PORT AUTHORITY LAW DEPARTMENT
*Attorneys for Defendant*
Port Authority of New York and New Jersey


By: */s/ Megan Lee*
    Megan Lee, Esq.

Dated: March 22, 2021

To:    All counsel of record
       (via ECF)