## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>              *Plaintiff*,<br><br> vs.<br><br>COUNTY OF ESSEX, et al.<br><br>           *Defendants*. | Civil Action No.<br>2:20-cv-3413-KSH-CLW<br><br>MOTION DATE: August 16, 2021 |

---

**DEFENDANT COUNTY OF ESSEX'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT IN LIEU OF AN ANSWER**

---

On the Brief:
LINA DEDULIN, ESQ.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . 2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . 4

    POINT I
    PLAINTIFF'S AMENDED COMPLAINT FAILS TO SET FORTH A
    PLAUSIBLE CLAIM UNDER TITLE VII AGAINST ESSEX COUNTY . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**CASES**

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . 3

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) . . . . . . . 3

Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256 (3d Cir. 2006). 2

Covington v. Int'l Ass'n of Approved Basketball Offs.,
      710 F.3d 114 (3d Cir. 2013) . . . . . . . . . . . . . . 4

Neitzke v. Williams, 490 U.S. 319 (1989). . . . . . . . . . 2,3

Phillips v. Cnty. of Allegheny, 515 F.3d 224(3d Cir. 2008). . 3

Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010) . . . 3

**STATUTES**

42 U.S.C. § 2000e-2(a) . . . . . . . . . . . . . . . . . . . . 4

**RULES**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . 2

## PRELIMINARY STATEMENT

Proceeding under Title VII of the Civil Rights Act of 1964, Plaintiff alleges that her former employer, Defendant Gateway Group One,[1] a business with a facility located in Newark International Liberty Airport, created a hostile work environment, discriminated against her on the basis of a protected class, subjected her to sexual harassment perpetrated by her supervisor, and retaliated against her for engaging in protected activities.

A review of Plaintiff's Amended Complaint fails to reveal any basis for naming Essex County as a defendant in this matter. Plaintiff's Amended Complaint does not allege that Essex County was her employer, nor is there any facts that would support the plausibility of such a proposition. Essex County is not alleged to, and does not, have a relationship with Plaintiff's former employer, Defendant Gateway Group One, nor does Essex County own, maintain, or control Newark International Liberty Airport. To that end, other than being listed as a defendant in the caption of Plaintiff's Amended Complaint, there is not a single factual allegation made against Essex County in the entirety of the pleading.[2]

## PROCEDURAL HISTORY

Plaintiff filed her initial Complaint on March 30, 2020, against Gateway Group One, Benjamin Okoli, State of New Jersey, County of Essex, City of Newark, City of Elizabeth, and Emerson Maintenance Company Aviation. (D.E. 1.) On April 3, 2020, Plaintiff filed an Amended Complaint to include the Port Authority

---

[1] Plaintiff alleges that Defendant Gateway Group One "may also be doing business as, or is in a business partnership with Emerson Russel Maintenance Company Aviation. D.E. 4, ¶17.

[2] Other than paragraph 19 which states, "Plaintiff has timely filed a Notice of Claim with State of New Jersey, County of Essex, and City of Newark," the relevance of which remains unknown. D.E. ¶19.

of New York and New Jersey as a defendant. (D.E. 4.) On December 15, 2020, former counsel for Essex County filed a motion to dismiss solely on the grounds that Plaintiff failed to exhaust her administrative remedies. (D.E 30.) On June 28, 2021, an Order was entered denying Essex County's motion, subject to the parameters set forth in paragraph 2 of the Order and accompanying Opinion. (D.E. 48 & 49.) As set forth in its initial motion, Essex County maintains that Plaintiff has unequivocally failed to exhaust her administrative remedies as to Essex County. (D.E. 30.) Notwithstanding, Essex County sought leave to file an additional Motion to Dismiss to address other dispositive issues identified in counsel's letter request dated June 30, 2021, and subsequent telephonic conference held on July 15, 2021. (D.E. 50.) Essex County's request for leave was granted on July 15, 2021. (D.E. 53.) This Motion to Dismiss in lieu of Answer as to Essex County follows.

## FACTUAL BACKGROUND

For purpose of the present motion, the County accepts as true all of the well-pled factual allegations in Plaintiff's Amended Complaint. (D.E. 4.)

## STANDARD OF REVIEW

By pre-answer motion, a party may move for dismissal of a complaint based on its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a motion serves an important role because it "streamlines litigation by dispensing with needless discovery and fact finding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

In evaluating a complaint under Rule 12(b)(6), the court should consider the factual allegations of the complaint as well as "documents that are attached to or submitted with the complaint, . . . items subject to judicial notice, matters of public record,

order, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (internal quotations and citations omitted).

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The court's analysis involves "three steps: First, the court must tak[e] note of the elements a plaintiff must plead to state a claim." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quotations omitted). "Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. "Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

A court can "dismiss a claim on the basis of a dispositive issue of law." Neitzke, 490 U.S. at 326. Dismissal with prejudice is appropriate where a curative amendment would be "inequitable or futile.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

By applying the foregoing principles to Plaintiff's Amended Complaint in this matter, it is evident that Plaintiff has failed

to state a plausible claim for relief against Essex County, therefore, dismissal is appropriate.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S AMENDED COMPLAINT FAILS TO SET FORTH A PLAUSIBLE CLAIM UNDER TITLE VII AGAIST ESSEX COUNTY**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees and applicants for employment on the basis of race, color, religion, national origin, and sex. 42 U.S.C. § 2000e-2(a).

In order to state a plausible claim under Title VII, a plaintiff "must allege an employment relationship with the defendants." Covington v. Int'l Ass'n of Approved Basketball Offs., 710 F.3d 114, 119 (3d Cir. 2013). An "employment relationship" exists in either of two ways: (1) the traditional "employee-employer" relationship; or (2) a job applicant is rejected by a potential employer as a part of an unlawful employment practice. 42 U.S.C. § 2000e-2(a). In evaluating whether a plaintiff counts as an employee for purposes of a Title VII, courts focus the "employment relationship analysis on 'the level of control the defendant[s] ... exerted over the plaintiff: which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities.'" Convington, 710 F.3d at 119.

Here, Plaintiff's Amended Complaint unequivocally fails to allege that Essex County was her employer nor are there any facts to plausibility support such a position. (D.E. 4.) Not only was Plaintiff never employed by Essex County, but Essex County also has no relationship to Plaintiff's alleged employer, Defendant Gateway Group One, nor Newark International Liberty Airport, the physical premises where the events giving rise to Plaintiff's

claims allegedly took place. (Exhibit A to Dedulin July 20 Cert.) Conspicuously absent from Plaintiff's Amended Complaint is *any* factual allegation(s) against Essex County as it relates to this matter.

**CONCLUSION**

For the foregoing reasons and authorities cited, Essex County respectfully requests that the Court grant the motion to dismiss, dismissing all claims against it with prejudice.

Respectfully submitted,

*s/Lina Dedulin*
Lina Dedulin, Esq.
Section Chief, Claims

Dated: July 21, 2021