

# OFFICE OF THE ESSEX COUNTY COUNSEL
## 465 Dr. Martin Luther King, Jr. Blvd.
Hall of Records, Room 535, Newark, NJ 07102
Tel 973.621.5003   Fax 973.621.4599
www.essexcountynj.org

| | |
|---|---|
| **Joseph N. DiVincenzo, Jr.** | **Courtney M. Gaccione** |
| Essex County Executive | Essex County Counsel |

August 9, 2021

**Via CM/ECF**
Hon. Katherine S. Hayden, U.S.D.J.
United States District Court
Martin Luther King Jr. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Arielle Fletcher v. Gateway Group One, Benjamin Okoli, et als.*
                Docket No. 2:20-cv-03413 (KSH-CLW)

Dear Judge Hayden:

      The undersigned represents Defendant, County of Essex in the above-captioned matter. Please accept this letter brief in lieu of a more formal reply to Plaintiff's Opposition to Essex County's Second Motion to Dismiss, filed on July 21, 2021, and made returnable on August 16, 2021.

      Initially, Essex County's *Second* Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is premised on Plaintiff's failure to *plead* a plausible claim under Title VII against Essex County. (D.E. 54). More specifically, Essex County argues that a review of Plaintiff's Amended Complaint reveals no basis in fact or law for asserting *any* claim against Essex County in this matter, much less a Title VII claim. *Id.* Plaintiff's opposition does little, if anything, to refute the arguments advanced by Essex County in its moving papers, namely: (1) Plaintiff's *Amended Complaint* does not allege that Essex County was her employer, nor is there any facts that would support such a proposition; (2) Essex County is not alleged to, and does not, have a relationship with Plaintiff's former employer; and (3) Essex County is not alleged to, and does not own, maintain, or control Newark International Liberty Airport. *See* County July 21, 2021 Mot. Br. at

1, 4-5. (D.E. 54). To that end, Plaintiff's Amended Complaint does not set forth a *single* factual allegation against Essex County whatsoever.

In what appears to be haphazard attempt to oppose Essex County's motion, Plaintiff argues that: (1) plaintiff has exhausted her administrative remedies with respect to her Title VII claims; (2) good cause exists for this court to allow Plaintiff access to the court; (3) substantial compliance; and (4) lack of prejudice to the defending party. *See* Fletcher Aug. 6, 2021 Opp'n Br. at 7-14. (D.E. 55) Since none of those arguments address the basis of Essex County's pending motion, Essex County will not address the merit, or lack thereof, of those arguments in this brief.

Next, Plaintiff seeks to avoid dismissal by arguing that the "Amended Complaint *clearly demonstrates* that Essex County exercises control over Newark International Liberty Airport, which is where the unlawful activity occurred." *See* Fletcher Aug. 6, 2021 Opp'n Br. at 14. (D.E. 55) (emphasis added). In support of this, Plaintiff makes the bold assertion that "this Honorable Court *must take judicial notice* that Newark International Liberty Airport is *controlled* in part by Defendant, County of Essex." *Id.* (emphasis added). According to Fed. R. Evid. 201(c)(2), a court "must" take judicial notice of a fact only if the requesting party supplies the court "with the necessary information" to support it. Not only has Plaintiff failed to provide the court with any proof to support this "fact" – it is likewise not even alleged in the Amended Complaint. Parenthetically, Essex County has supplied an affidavit from the Essex County Risk Manager certifying that Plaintiff was not an employee of the County of Essex, that the County of Essex does not have a relationship with Plaintiff's former employer, and that the County of Essex does not own, maintain, or *control* Newark International Liberty Airport. (ECF 54-2).

Moreover, Plaintiff attempts to make argue, albeit unconvincingly, that exercising "control" over an airport somehow makes Essex County an "employer" for purposes of Title VII, and therefore "vicariously liable" under the doctrine of "respondent superior." *See* Fletcher Aug. 6, 2021 Opp'n Br. at 14. (D.E. 55) Plaintiff fails to establish what the relationship is, if any, between Essex County and Newark International Liberty Airport, or how Essex County's alleged "control" over the airport plays a role in the employment decisions and working conditions affecting employees of Gateway such that Essex County would be subject to liability in this action. Assuming arguendo, that this argument was backed by legal authority, Plaintiff's Amended Complaint still does not allege *any* facts that would support the plausibility of such a proposition. *But see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Finally, Plaintiff asserts that "a Notice of Claim [was filed] with the State of New Jersey, County of Essex, and City of Newark." *Id.* It remains unclear how the filing of a notice of claim

"clearly demonstrates" that Essex County has asserted "control" over Newark International Airport or how that would give rise to liability under the substantive elements of a Title VII claim. *See, e.g.*, *DeSantis v. New Jersey Transit*, 756 F. App'x. 197, 202 (3d. Cir. 2019) (discussing legal standards for Title VII claims).

Based on the foregoing, it remains clear that Plaintiff has incurably failed to plead a cognizable claim for relief under Title VII claim against Essex County. Therefore, the Amended Complaint and any all claims therein should be dismissed with prejudice.

Respectfully submitted,

*s/ Lina Dedulin*

Lina Dedulin, Esq.
Section Chief, Claims

cc: all counsel of record (via CM/ECF)