UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>                                  Plaintiff,<br><br>-against-<br><br>GATEWAY GROUP ONE, BENJAMIN OKOLI, STATE OF NEW JERSEY, COUNTY OF ESSEX, CITY OF NEWARK, CITY OF ELIZABETH, EMERSON RUSSELL, MAINTENANCE COMPANY AVIATION, PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>                                  Defendants. | Case No. 20-cv-03413 (KSH)(CLW) |

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**

Of Counsel and on the Brief:
Megan Lee, Esq.
Port Authority Law Department
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
Telephone No.: (212) 435-3435

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

PROCEDURAL STATEMENT .................................................................................................1

ARGUMENT ................................................................................................................................2

    Legal Standards..................................................................................................................2

    Point I:     Plaintiff Failed to Exhaust Her Administrative Remedies......................................3

    Point II:    The Port Authority is not Plaintiff's Employer.........................................................5

CONCLUSION.............................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. Gardner-Denver Co.,*
 415 U.S. 36 (1974)...........................................................................................................3

*Anjelino v. N.Y. Times Co.,*
 200 F.3d 73 (3d Cir. 1999).................................................................................................4

*Antol v. Perry,*
 82 F.3d 1291 (3d Cir. 1996)...............................................................................................4

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009).......................................................................................................2, 3

*Barzanty v. Verizon PA, Inc.,*
 361 Fed.Appx. 411 (3d Cir. 2010)......................................................................................4

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007)...........................................................................................................2

*Connelly v. Lane Construction Corp.,*
 809 F.3d 780 (3d Cir. 2016)...............................................................................................2

*Covington v. Int'l Ass'n of Approved Basketball Officials,*
 710 F.3d 114 (3d Cir. 2013)...............................................................................................6

*Dezaio v. Port Auth. Of N.Y. & N.J.,*
 205 F.3d 62 (2d Cir. 2000).................................................................................................3

*Eberhart v. United States,*
 546 U.S. 12 (2005).............................................................................................................4

*Fort Bend County v. Texas v. Davis,*
 139 S.Ct. 1843 (2019)........................................................................................................4

*Fowler v. UPMC Shadyside,*
 578 F.3d 203 (3d Cir. 2009)...............................................................................................3

*Gary v. Long,*
 59 F.3d 1391 (D.C. Cir. 1995)...........................................................................................5

*Hip Heightened Indep. & Progress, Inc. v. Port Auth. Of N.Y. & N.J.,*
 693 F.3d 345 (3d Cir. 2012)...............................................................................................3

*McDonnell Douglas Corp. v. Green,*
   411 U.S. 792 (1973) ................................................................................................................3

*Miller v. Maxwell's International Inc.,*
   991 F.2d 583 (9th Cir. 1993) ...................................................................................................5

*Nat'l R.R. Passenger Corp. v. Morgan,*
   536 U.S. 101 (2002) ................................................................................................................3

*Noel v. The Boeing Co.,*
   622 F.3d 266 (3d Cir. 2010) ....................................................................................................3

*Ostapowicz v. Johnson Bronze Co.,*
   541 F.2d 394 (3d Cir. 1976) ....................................................................................................4

*Phillips v. Cty. of Allegheny,*
   515 F.3d 224 (3d Cir. 2008) ....................................................................................................2

*Shafer v. Bd. of Pub. Educ.,*
   903 F.2d 243 (3d Cir. 1990) ....................................................................................................4

*Smith v. Delaware River Stevedores,*
   2008 WL 4890135, *3 (Index No. 07-1864)(E.D. PA. 2008) .................................................4

*Sullivan v. Port Auth. Of N.Y. & N.J.,*
   449 N.J. Super. 276 (App. Div. 2017) .....................................................................................3

*Theodore v Newark Dep't of Health and Community Wellness,*
   2020 WL 1444919, * 4 (Index No. 19-cv-17726) (D.N.J. 2020) ............................................5

*U.S. E.E.O.C. v. AIC Security Investigations, Ltd.,*
   55 F.3d 1276 (7th Cir. 1995) ...................................................................................................5

*Verde v. City of Philadelphia,*
   862 F. Supp. 1329 (E.D. PA. 1994) .........................................................................................5

*Watson v. Eastman Kodak Co.,*
   235 F.3d 851 (3d Cir. 2000) ....................................................................................................3

**Statutes**

42 U.S.C. § 2000e(b) .......................................................................................................................5

42 U.S.C. § 2000e-5 ........................................................................................................................3

42 U.S.C. §§ 2000e–5(b), (e)(1) .....................................................................................................4

42 U.S.C. § 2000e-5(e)(1) ...............................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................................1, 2

Fed. R. Civ. P. 8(a)(2) ......................................................................................................................2

## PRELIMINARY STATEMENT

The Port Authority of New York and New Jersey ("Port Authority") submits this memorandum of law in support of its motion to dismiss the second amended complaint pursuant to *Fed. R. Civ. P.* 12(b)(1) and (6) because plaintiff failed to file a charge of discrimination against the Port Authority with the Equal Employment Opportunity Commission ("EEOC") prior to commencing this action and, even assuming plaintiff met her statutory obligations, the second amended complaint fails to state a claim against the Port Authority inasmuch as it was not plaintiff's employer and the complaint fails to articulate a basis to hold the Port Authority responsible for the actions articulated therein.

## PROCEDURAL STATEMENT

The Port Authority previously moved to dismiss this action based on improper service and the failure to state a claim against the Port Authority. (*See* Docket Entry No. 38). By Opinion dated June 28, 2021, the Court denied the Port Authority's motion with respect to service of process but found that "the barebones allegations against Port Authority do not state a plausible claim for relief against it" and dismissed the complaint. However, the Court permitted plaintiff to file an amended complaint addressing the deficiencies in her claims against the Port Authority within 21 days and cautioned that an amended complaint relying on the same factual allegations would be subject to dismissal on futility grounds. (*See*, Docket Entry No. 48 (Opinion), pp. 15-16).

On August 19, 2021, plaintiff filed a second amended complaint adding new paragraphs 30 – 37, which detailed plaintiff's involvement with the EEOC. (*See*, Docket Entry Nos. 60 and 60-1). The remaining factual allegations in the second amended complaint were identical to the

first amended complaint, which was dismissed by the Court as factually insufficient as against the Port Authority.  (*See*, Docket Entry No. 60-1).

## ARGUMENT

### Legal Standards

A defendant may move to dismiss a complaint for failing to state a claim under *Fed. R. Civ. P. 12(b)(6)*.  An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). As a matter of procedure, the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly and Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

## Point I

## Plaintiff Failed to Exhaust Her Administrative Remedies

A plaintiff bringing claims under Title VII must first exhaust her administrative remedies by initially filing a charge of discrimination with the EEOC within the statutory time period, 42 U.S.C. § 2000e-5 (Title VII), and receiving from the EEOC a notice of the right to sue. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). "Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). A plaintiff's Title VII claim is barred when she either fails to or does not file a timely charge of discrimination with the EEOC. *Noel v. The Boeing Co.*, 622 F.3d 266, 270 (3d Cir. 2010).

As a bi-state agency, the Port Authority is not subject to single-state anti-discrimination legislation, therefore, "New Jersey [is] barred from applying its civil rights … statutes to the [Port] Authority." *Hip Heightened Indep. & Progress, Inc. v. Port Auth. Of N.Y. & N.J.*, 693 F.3d 345, 358 (3d Cir. 2012); *see also Sullivan v. Port Auth. Of N.Y. & N.J.*, 449 N.J. Super. 276, 288 (App. Div. 2017) ("Port Authority is not subject to suit under" single-state discrimination law). Accordingly, an EEOC charge must be filed within 180 days of the discriminatory act in order to be timely. *Dezaio v. Port Auth. Of N.Y. & N.J.*, 205 F.3d 62, 64, 66 (2d Cir. 2000).

A plaintiff is generally required to raise all claims with the EEOC before bringing an action in federal court. Because the EEOC is required to serve notice on the employer against whom the

charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it. *See* 42 U.S.C. §§ 2000e–5(b), (e)(1). Furthermore, "suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle." *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 93 (3d Cir. 1999). Thus, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976); *Barzanty v. Verizon PA, Inc.*, 361 Fed.Appx. 411, 414 (3d Cir. 2010) (Complaint dismissed because claim was not within scope of charge.) This claim-processing rule may be considered "mandatory" in the sense that a court must enforce the rule if a party "properly raise[s]" it. *Fort Bend County v. Texas v. Davis*, 139 S.Ct. 1843, 1849 (2019), citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (*per curiam*) (Supreme Court noted that v. Title VII's charge-filing requirement is a mandatory processing rule to which a promptly raised failure to comply may rid a defendant of the lawsuit.)

It follows from this carefully crafted statutory scheme that "[t]he purpose of the exhaustion requirement is to give the EEOC the opportunity to resolve disputes through a settlement or compromise between the parties and to avoid unnecessary action in court." *Smith v. Delaware River Stevedores,* 2008 WL 4890135, *3 (Index No. 07-1864)(E.D. PA. 2008), *citing Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir. 1996) (Dismissing claims against parties not named in EEOC charge.) To properly exhaust remedies as to a particular defendant, a plaintiff must ordinarily name the defendant in the charge, thus giving the defendant the opportunity to respond and to participate in informal conciliation. *Id.*; *Shafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 251 (3d Cir. 1990).

In its Opinion addressing the exhaustion requirements under Title VII, the Court noted that there was no mention in the amended complaint of any charge having been made to the EEOC or the receipt of a right-to-sue letter. (*See*, Docket Entry No. 48, p. 6). While the second amended complaint attempts to cure this defect by including the various charges of discrimination filed with the EEOC, a review of the charge, itself, reveals that it was not filed against the Port Authority. (*See*, Docket Entry No. 60-4 (Charge of Demand), p. 1). Moreover, the allegations set forth in the charge (which are identical to those set forth in the amended complaint and were dismissed as legally insufficient with respect to the Port Authority), do not reasonably put the Port Authority on notice of the charges purportedly asserted against it. As such, the second amended complaint should be dismissed with prejudice. *See e.g., Theodore v Newark Dep't of Health and Community Wellness*, 2020 WL 1444919, * 4 (Index No. 19-cv-17726) (D.N.J. 2020) (Dismissing claim against union finding EEOC charge would not put union on notice of charges against it.)

## Point II

### The Port Authority is not Plaintiff's Employer

Even assuming, *arguendo*, plaintiff timely filed a charge of discrimination with the EEOC against the Port Authority, the second amended complaint should still be dismissed inasmuch as the Port Authority is not plaintiff's employer. The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person. 42 U.S.C. § 2000e(b). "[F]or purposes of Title VII, an 'agent' of the employer is an employee who supervises other employees, particularly the plaintiff." *Verde v. City of Philadelphia*, 862 F. Supp. 1329, 1334 (E.D. PA. 1994). Courts have construed the words "and any agent" as imposing *respondeat superior* liability on employers for the acts of their employees. *See U.S. E.E.O.C. v.*

5

*AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281(7th Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Miller v. Maxwell's International Inc.*, 991 F.2d 583, 588 (9th Cir. 1993).

In determining whether an entity is an "employer" for purposes of Title VII, the Third Circuit has held that courts should focus on three indicia of control: (1) which entity paid plaintiff; (2) who hired and fired plaintiff; and (3) who "had control over [plaintiff's] daily employment activities." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 119 (3d Cir. 2013) (citation and internal quotations omitted).

According to the second amended complaint, plaintiff worked for Gateway Group One as a Customer Sales Representative. (*See*, Docket Entry No. 60-1 (Second Amended Complaint), ¶¶ 2, 42).  She claims that a Gateway supervisor, Benjamin Okoli, harassed her in June 2019, as a result of which she spoke with her managers. (*See*, Docket Entry No. 60-1, ¶¶ 16, 63, 64, 66-69). The second amended complaint includes a section concerning the Gateway Employee Handbook and references Gateway's policies against discrimination and harassment and the procedures an employee should follow in reporting discriminatory and/or retaliatory actions. (*See*, Docket Entry No. 60-1, ¶¶ 81-96).

Plaintiff identifies the Port Authority as the party operating Newark Liberty International Airport and claims to have spoken to a Port Authority supervisor, who directed her to speak with her Human Resources Department, which she did. (*See*, Docket Entry No. 60-1, ¶¶ 18, and 20-23.) This is the extent of the allegations against the Port Authority.  While plaintiff alleges in each cause of action that the "Port Authority, through its agents, permitted such injuries to occur" (*see* Docket Entry No. 60-1, ¶¶ 104, 112, 122, 132 and 147), these allegations are nothing more than a formulaic recitation of a legal standard without any factual support.

Simply because the Port Authority operates Newark Liberty International Airport is not enough to render it responsible for alleged discriminatory actions perpetrated by other entities doing business at the airport. The allegations in the second amended complaint are identical to those asserted in the first amended complaint, which the Court held were legally insufficient to support the claims asserted against the Port Authority. Having given plaintiff the opportunity to replead as against the Port Authority, plaintiff did not do so because she cannot allege facts sufficient to show the Port Authority controlled her daily employment activities so as to construe it as her employer.

## **CONCLUSION**

For all the foregoing reasons, the Port Authority respectfully requests that the second amended complaint be dismissed in its entirety as against the Port Authority with prejudice.

Dated: September 2, 2021

                                                  PORT AUTHORITY LAW DEPARTMENT
                                                *Attorney for Defendant*
                                                Port Authority of New York and New Jersey

                                                By:/s/*Megan Lee*
                                                    Megan Lee, Esq.

To:    All Counsel of Record
        (Via ECF)