PORT AUTHORITY LAW DEPARTMENT
Four World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
(212) 435-3435
*Attorney for The Port Authority of New York and New Jersey*

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>                              Plaintiff,<br><br>-against-<br><br>GATEWAY GROUP ONE, BENJAMIN OKOLI, STATE OF NEW JERSEY, COUNTY OF ESSEX, CITY OF NEWARK, CITY OF ELIZABETH, EMERSON RUSSELL, MAINTENANCE COMPANY AVIATION, PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>                              Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 20-cv-03413 (KSH)(CLW) |

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Of Counsel and on the Brief:
Megan Lee, Esq.
Port Authority Law Department
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
Telephone No.: (212) 435-3435

# **TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................................1

    Legal Standards..................................................................................................................1

    Point I:     Plaintiff Did Not File an EEOC Charge Against the Port Authority ........................1

    Point II:    The Port Authority is not Gateway's Agent ............................................................3

CONCLUSION................................................................................................................................4

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcraft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................... 1, 4

*Becker v. Port Authority, et al.,*
  Docket No. ESX-L-6603-16 ........................................................................................ 1

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................................... 1

*Covington v. Int'l Ass'n of Approved Basketball Officials,*
  710 F.2d 114 (3d Cir. 2013) ......................................................................................... 4

*DeSantis v. New Jersey Transit,*
  756 F. App'x 197 (3d Cir. 2019) .................................................................................. 4

*Hoffman v. Nissan-Infiniti LT,*
  2020 WL 2847756 *4 (D.N.J. 2020) ............................................................................ 3

*Penn ex rel. Zimmerman v. PepsiCo, Inc.,*
  836 F.2d 173 (3d Cir. 1988) ......................................................................................... 3

*Orliss v. Newark Liberty International Airport, et al.,*
  Docket No. ESX-L-3681-20 ........................................................................................ 1

*Rodwell v. Airway, LLC, Newark Liberty International Airport, et al.,*
  Docket No. UNN-L-719-19 ......................................................................................... 1

*Saba v. Middlesex County Board of Social Services,*
  2017 WL 2829618, at *5 (D.N.J., 2017) ...................................................................... 2

*Santiago v. Warminster Twp.,*
  629 F.2d 121 (3d Cir. 2010) ......................................................................................... 3

*Schafer v. Bd. of Pub. Ed.,*
  903 F.2d 243 (3d Cir. 1990) ......................................................................................... 2

*Slingland v. Donahoe,*
  542 F. App'x 189 (3d Cir. 2013) .................................................................................. 1

*Spence v. Straw,*
  54 F.3d 196 (3d Cir. 1995) ........................................................................................... 2

*Zahri v. Bombardier Transportation (Holding) USA, Inc. et al.,*
    Docket No. ESX-L-4484-18 ..................................................................................................1

*Zebrowski v. Wells Fargo Bank, N.A.,*
    657 F. Supp. 2d 511 (D.N.J. 2009) ......................................................................................3

**Statutes**

42 U.S.C. § 2000e-5(b), (e)(1)..........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................4

# ARGUMENT

**Legal Standards**

Where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" it should be dismissed. *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In this action, by order dated June 28, 2021, the Court held that "barebones allegations against Port Authority do not state a plausible claim for relief against it" because plaintiff identified no employment relationship with the Port Authority. *See,* Docket Entry 48 (Opinion Granting Motion to Dismiss), p. 15. The Court directed plaintiff to file an amended complaint within 21 days against the Port Authority cautioning that "an amended pleading relying on the same factual allegations is subject to dismissal on futility grounds." *Id*. at 16. Yet that is precisely what plaintiff did. While her opposition to the instant motion now claims that discovery is necessary to ascertain if the Port Authority is an agent of Newark International Liberty Airport[1] or Gateway Group One or whether the Port Authority created a hostile work environment, a review of her detailed complaint reveals no involvement on the part of the Port Authority, which is why the Court dismissed the first amended complaint and should dismiss the second amended complaint.

## Point I

**Plaintiff Did Not File an EEOC Charge Against the Port Authority**

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Slingland v. Donahoe*, 542 F.

---

[1] Attached to the Certification of Megan Lee are orders in *Sylvia Becker v. Port Authority, et al.*, Docket No. ESX-L-6603-16, dated July 7, 2017 (Exhibit A), *Jodi Orliss v. Newark Liberty International Airport, et al.,* Docket No. ESX-L-3681-20, dated September 11, 2020 (Exhibit B), *Shakeerah Rodwell v. Airway, LLC, Newark Liberty International Airport, et al.,* Docket No. UNN-L-719-19, dated March 29, 2019 (Exhibit C), and *Marilyn Zahri v. Bombardier Transportation (Holding) USA, Inc. et al.,* Docket No. ESX-L-4484-18, dated November 30, 2018 (Exhibit D) in which claims asserted against "Newark Liberty International Airport were dismissed because the airport is not a legal entity subject to suit.

App'x 189, 191 (3d Cir. 2013). "In particular, '[t]he Supreme Court has explained that when Title VII remedies are available, they must be exhausted before a plaintiff may file suit.'" *Id*. (*quoting Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995). Title VII requires that a charge of discrimination be timely filed and that all claims be raised with the EEOC so the employer is put on notice of the charges likely to be filed against it. *See,* 42 U.S.C. § 2000e-5(b), (e)(1). Because a plaintiff may only bring a Title VII action against a defendant who was previously named in an EEOC charge, claims against a defendant not named in the EEOC charge are improper. *See, Saba v. Middlesex County Board of Social Services*, 2017 WL 2829618, at *5 (D.N.J., 2017), *citing Schafer v. Bd. of Pub. Ed.*, 903 F.2d 243, 251 (3d Cir. 1990).

Plaintiff cites to the EEOC charge of discrimination as proof that she exhausted her administrative remedies with respect to the Port Authority, ignoring the fact that the EEOC charge prepared by her attorney did not identify the Port Authority as a party whom she was filing a charge of discrimination against. *See*, Docket Entry 62 (Pl. Mem.) p. 9. In fact, the charge identifies "the employer . . . you want to file your charge against" as Gateway Group One. *See*, Docket Entry 60-4 (EEOC Charge) p. 1. The charge (which appears to include the same factual allegations as those set forth in the second amended complaint), only alleges that plaintiff met with a Port Authority supervisor, who directed her to meet with [Gateway's] Human Resources, which she did. *Id*. at 2. This is the only reference to the Port Authority in the charge and certainly did not prompt the EEOC to put the Port Authority on notice of this claim.

Given her unrefuted failure to comply with the administrative prerequisites necessary to commence a Title VII action against the Port Authority, plaintiff's second amended complaint should be dismissed, with prejudice.

**Point II**

**The Port Authority is not Gateway's Agent**

Plaintiff now contends that the Port Authority "created a hostile or offensive working environment, which constituted a violation of Title VII" by virtue of its agency relationship with plaintiff's employer, Gateway. *See,* Docket Entry 62 (Pl Mem.) p. 10. Leaving aside the fact that there are no factual allegations of this nature in the second amended complaint, despite the Court's admonition that "an amended pleading relying on the same factual allegations is subject to dismissal on futility grounds" (*see*, Docket Entry 48 (Opinion Granting Motion to Dismiss), p. 16), the bare bones statements in plaintiff's memorandum of law do not create the agency relationship with Gateway plaintiff asks the Court to impose on the Port Authority. Moreover, a party may not amend their pleadings by including additional factual assertions in their brief. *Hoffman v. Nissan-Infiniti LT*, 2020 WL 2847756 *4 (D.N.J. 2020) *citing*, *Penn ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

In deciding a motion to dismiss, the courts will "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.2d 121, 128 (3d Cir. 2010); *see also, Zebrowski v. Wells Fargo Bank, N.A.*, 657 F. Supp. 2d 511, 515-16 (D.N.J. 2009) (Holding "the court accepts as true well-pleaded allegations in the complaint but does not accept unsupported conclusory statements").

Disregarding the legal conclusions and factual assertions concerning agency set forth in plaintiff's memorandum of law, as opposed to her second amended complaint, there are no allegations to support an agency relationship between the Port Authority and Gateway with respect to plaintiff's employment with Gateway. While plaintiff argues that the Port Authority "has not provided a scintilla of evidence showing the absence of an agency relationship" (*see,* Docket Entry

3

62 (Pl Mem.) p. 4), under *Fed. R. Civ. P.* 12(b)(6), it is plaintiff's obligation to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See*, *Iqbal*, 556 U.S. at 678.

Plaintiff attempts to salvage her second amended complaint by claiming she needs discovery to prove the Port Authority entered into agreements with Gateway (*see*, Docket Entry 62 (Pl. Mem.) p. 11). But first she must set forth facts in her second amended complaint to state a claim for relief so that discovery may proceed, such as an "employment relationship" with the Port Authority as opposed to Gateway. *See*, *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.2d 114, 119 (3d Cir. 2013). Whether the Port Authority had a contract with Gateway is not relevant, unless plaintiff can show that the Port Authority controlled her daily employment activities in such a way that would render it liable under the substantive elements of Title VII. *See, e.g.*, *DeSantis v. New Jersey Transit*, 756 F. App'x 197, 202 (3d Cir. 2019). Plaintiff has not and cannot do so because she had no employment relationship with the Port Authority

## **CONCLUSION**

For all the foregoing reasons, as well as those set forth in its moving papers, the Port Authority respectfully requests that its motion to dismiss the second amended complaint be granted, with prejudice.

Dated: September 27, 2021

                                         PORT AUTHORITY LAW DEPARTMENT
                                         *Attorney for Defendant*
                                         Port Authority of New York and New Jersey

                                         By: /s/*Megan Lee*
                                                 Megan Lee, Esq.

To:    All Counsel of Record
          (Via ECF)