**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 577-6260
*Attorneys for Defendant Gateway Security Inc.*
*sued herein as Gateway Group One*

| | |
|---|---|
| ARIELLE FLETCHER, | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEW JERSEY** |
| Plaintiff, | |
| | |
| v. | Case No. 20-cv-03413 (KSH)(CLW) |
| | |
| GATEWAY GROUP ONE, BENJAMIN OKOLI, STATE OF NEW JERSEY, COUNTY OF ESSEX, CITY OF NEWARK, CITY OF ELIZABETH, EMERSON RUSSELL, MAINTENANCE COMPANY AVIATION, | |
| Defendants. | |

# MEMORANDUM OF LAW IN SUPPORT OF GATEWAY SECURITY INC.'S MOTION TO DISMISS

4892-7292-5184.1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT..................................................................................................................... 1

    GATEWAY SHOULD BE DISMISSED AS A DEFENDANT WITH PREJUDICE
    BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER
    DIRECTING SERVICE TO BE MADE ........................................................................ 1

CONCLUSION ................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases** Page(s)

*Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*,
   29 F.3d 863 (3d Cir. 1994) ...................................................................................................3

*Chiang v. U.S. Small Bus. Admin.*,
   331 Fed. Appx. 113 (3d Cir. 2009) .......................................................................................7

*Cunningham v. New Jersey*,
   Civ. No. 03-4970 (JEI), 2005 U.S. Dist. LEXIS 19628 (D.N.J. Sept. 12, 2005) ..................7

*Dawkins v. Bristol-Myers Squibb Co.*,
   Civ. No. 07-1186 (FLW), 2012 U.S. Dist. LEXIS 63203 (D.N.J. April 16,
   2012) ......................................................................................................................................4

*Divito v. C.M.S. Dep't*,
   Civ. No. 05-0438 (RBK), 2006 U.S. Dist. LEXIS 16671, 2006 WL 756014
   (D.N.J. Mar. 17, 2006) .........................................................................................................6

*Grant v. Delarosa*,
   Civ. No. 14-3358 (ES)(MAH), 2019 U.S. Dist. LEXIS 124170 (D.N.J. July 3,
   2019) ......................................................................................................................................6

*Houser v. Williams*,
   Civ. No. 16-9072 (CCC), 2020 U.S. Dist. LEXIS 43518 (D.N.J. March 12,
   2020) ......................................................................................................................................7

*Hovey v. LaFarge North America Inc.*,
   Civ. No. 07-2193 (WJM), 2008 U.S. Dist. LEXIS 118449, 2008 WL 305701
   (D.N.J. Jan. 29, 2008) ..........................................................................................................2

*Joyce v. Continental Airlines, Inc.*,
   Civ. No. 09-2460 (WJM), 2011 U.S. Dist. LEXIS 73428, 2011 WL 2610098
   (D.N.J. June 15, 2011) .........................................................................................................8

*Knight v. Poritz*,
   157 Fed. Appx. 481 (3d Cir. 2005) .......................................................................................6

*Link v. Wabash R. Co.*,
   370 U.S. 626 (1962) .............................................................................................................1

*McWherter v. CBI Services, Inc.*,
   Civ. No 93-00018 (ACK), 1994 U.S. Dist. LEXIS 1341 (D. Hawaii Jan. 31,
   1994) ......................................................................................................................................7

*Mindek v. Rigatti*,
    964 F.2d 1369, 1373 (3d Cir. 1992)). ...................................................................2

*Poulis v. State Farm Fire & Cas. Co.*,
    747 F.2d 863 (3d Cir. 1984) ..............................................................2, 5, 6, 8, 9

*Rosado v. Adams*,
    Civ. No. 07-1914, 2009 U.S. Dist. LEXIS 40437, 2009 WL 1181217 (M.D. Pa. April 30, 2009)...................................................................................................2

*Sunday v. U.S.*,
    Civ. No 89-8374, 1992 U.S. Dist. LEXIS 13233, 1992 WL 221322 (E.D. Pa. 1992)..................................................................................................................6

*Scarborough v. Eubanks*,
    747 F.2d 871, 876 (3d Cir. 1984)................................................................4

*Ware v. Rodale Press, Inc.*,
    322 F.3d 218 (3d Cir. 2003) ........................................................................3

*Wortman v. Brown*,
    Civ. No. 05-1411, 2006 U.S. Dist. LEXIS 21222, 2006 WL 1044787 (D.N.J April 18, 2006) ..............................................................................................8

*Ximuhammad v. Port Auth. of NY & NJ Police Dep't*,
    Civ. No. 17-13594 (MCA)(MAH), 2019 U.S. Dist. LEXIS 73537 (D.N.J. Apr. 10, 2019) .....................................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 41(b) ................................................................. 1, 2, 6

## PRELIMINARY STATEMENT

Defendant Gateway Security Inc., sued herein as Gateway Group One ("Gateway"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum of law in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). The motion is based on Plaintiff's failure to comply with the Court's order dated June 28, 2021 ("the Order") which required Plaintiff to properly effectuate service of the summons and second amended complaint on Gateway within 10 days of June 28, 2021. Months later, Plaintiff has still failed to effect service of process, and as demonstrated below based on an analysis of the controlling factors, dismissal with prejudice is mandated due to Plaintiff's inexcusable, inexplicable dilatory conduct.

The pertinent facts are recited in the accompanying declaration of Peter T. Shapiro, Esq. (the "Shapiro Decl.") and will not be repeated herein.

## ARGUMENT

### GATEWAY SHOULD BE DISMISSED AS A DEFENDANT WITH PREJUDICE BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER DIRECTING SERVICE TO BE MADE

Pursuant to Fed. R. Civ. P. 41(b), a plaintiff's claim can be dismissed based on a failure to prosecute the claim in a timely manner or a failure to comply with any court order. The "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v.*

*Wabash R. Co.*, 370 U.S. 626, 629 (1962). In assessing whether dismissal in such a manner is warranted, the following six factors are addressed:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions;
> and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "No single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Hovey v. LaFarge North America Inc.,* Civ. No. 07-2193 (WJM), 2008 U.S. Dist. LEXIS 118449, 2008 WL 305701, at *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams,* Civ. No. 07-1914, 2009 U.S. Dist. LEXIS 40437, 2009 WL 1181217, at *1-3 (M.D. Pa. April 30, 2009) (dismissing based on plaintiff's failure to prosecute under Rule 41(b) after consideration of the *Poulis* factors).

Given Plaintiff's failure to comply with the Order (Shapiro Decl. Exhibit A), consideration of the six *Poulis* factors requires the dismissal of this action against Gateway.

Regarding the first factor, the Order, issued on June 28, 2021, directed Plaintiff to "properly effectuate service of the summons and [second] amended complaint on Gateway within 10 days and promptly thereafter file proof of service, or shall file within 10 days a waiver of further service signed by Gateway." (emphasis in original) (*Id.*). To date, Plaintiff has not served Gateway with the Second Amended Complaint which it filed belatedly on August 16, 2021 (DE 60). Plaintiff also did not request or file a waiver of service signed by Gateway. Plaintiff bears complete responsibility for this failure which cannot be imputed to Gateway.

Regarding the second factor, "[e]vidence of prejudice to an adversary would bear substantial weight in support of a dismissal." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994) (internal quotation marks and citation omitted). Prejudice to a party includes the "loss of evidence, the inevitable dimming of witnesses' memories," *Id.* at 874, and the "burden imposed by impeding a party's ability to prepare effectively." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

Here, as in *Ximuhammad v. Port Auth. of NY & NJ Police Dep't,* Civ. No. 17-13594 (MCA)(MAH), 2019 U.S. Dist. LEXIS 73537, at *7 (D.N.J. Apr. 10, 2019), Gateway has been prejudiced in that it "has been unable to prepare a defense of this matter" by virtue of Plaintiff's neglect. "In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend itself." *Id.*

3

The Second Amended Complaint details purportedly unlawful conduct that took place in 2019. More than two have passed since the events in question. This egregious delay will unduly prejudice Gateway's ability to defend against Plaintiff's claims as relevant evidence and witness recollections may have dimmed or become unavailable, and will continue to dissipate over time. It is unlikely that the parties will be in a position to proceed forward with depositions and complete discovery for several months into 2022, even if Plaintiff is allowed additional time to serve Gateway and assuming it does so properly. The impact on Gateway's ability to defend is apparent.

In addition, Gateway has been prejudiced as it has already "expended significant time and resources in defending this case." *Dawkins v. Bristol-Myers Squibb Co.*, Civ. No. 07-1186 (FLW), 2012 U.S. Dist. LEXIS 63203, at *3 (D.N.J. April 16, 2012) (finding prejudice where plaintiff did not respond to a court order and defendant had previously filed a motion to dismiss and an answer and participated in several telephone conferences (*citing Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (finding that examples of prejudice include "excessive and possibly irremediable burdens or costs imposed on the opposing party")). Gateway filed a motion to dismiss based on service and the failure to secure an Equal Employment Opportunity Commission right to sue letter before asserting claims

under the Americans with Disabilities Act, and it has had to attend court conferences and now has been required to file this motion.

Regarding the third factor, the posture of this case speaks to, and serves as evidence of, Plaintiff's "history of dilatoriness." *Poulis*, 747 F.2d at 868. By letter dated August 19, 2021, Gateway apprised the Court (and Plaintiff) that it was seeking dismissal based on Plaintiff's failure to effectuate service (Shapiro Decl. Exhibit C). On the same date, Plaintiff's counsel attributed the failure to effect service to a medical issue (Shapiro Decl. Exhibit F). Assuming *arguendo* that counsel had proffered a valid excuse based on his purported medical procedure in June 2021 – which is not conceded – this excuse would only cover the time period from June 28, 2021 (when the Order was entered) to August 19, 2021 (the date on which counsel filed his letter, showing that he was no longer operating under any disability).

Plaintiff does not have any valid excuse for noncompliance from August 19, 2021 to date. In fact, at the October 18, 2021 conference with Magistrate Judge Waldor, Plaintiff's counsel contended weakly that he had not served the Second Amended Complaint in the interim because "he was waiting on the Court to rule."[1]

---

[1] At this conference, Magistrate Judge Waldor directed Gateway to file a formal motion for dismissal. Gateway is filing this motion based on that directive. (Shapiro Decl. ¶ 11)

5

*Grant v. Delarosa,* Civ. No. 14-3358 (ES)(MAH), 2019 U.S. Dist. LEXIS 124170, *10-11 (D.N.J. July 3, 2019), *report adopted* 2019 U.S. Dist. LEXIS 124321 (D.N.J. July 25, 2019), is on point. There, the Court ordered dismissal pursuant to Fed. R. Civ. P. 41(b) because the record demonstrated the plaintiff's history of dilatoriness and bad faith in that the plaintiff had contacted the court regarding various deficiencies, but then failed to take any action over the next six weeks to respond to or cure the deficiencies. Plaintiff here has been similarly dilatory.

Regarding the fourth factor, Plaintiff's willful failure to serve the Second Amended Complaint demonstrates bad faith. Such "blatant disregard of clear court orders constitutes bad faith for the purposes of the *Poulis* factors." *Divito v. C.M.S. Dep't*, Civ. No. 05-0438 (RBK), 2006 U.S. Dist. LEXIS 16671, 2006 WL 756014, at *8 (D.N.J. Mar. 17, 2006). *See also Sunday v. U.S.*, Civ. No 89-8374, 1992 U.S. Dist. LEXIS 13233, 1992 WL 221322, at *4 (E.D. Pa. 1992) ("Plaintiff . . . has demonstrated his bad faith by consciously deciding to ignore requests from the defendants and orders of this Court for discovery"). Moreover, Plaintiff never requested, nor has he been granted, additional time to serve the Second Amended Complaint. *Compare Knight v. Poritz*, 157 Fed. Appx. 481, 484 (3d Cir. 2005) (holding that where the plaintiff files a motion to extend discovery date, failure to comply with court order not willful).

6

If Plaintiff were to file a motion for an extension of time for, such an exercise would be futile. "District courts conduct a two-part analysis when determining whether to extend the time for service of a summons and complaint." *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. Appx. 113, 115-116 (3d Cir. 2009) (citation omitted). "First, the district court must determine whether good cause exists for a plaintiff's failure to effect timely service. If good cause does not exist, the district court must then consider whether to grant a discretionary extension of time." *Id.* Plaintiff here will not be able to establish good cause for the failure to comply with the Order. "The inadvertence or lack of diligence of counsel are generally insufficient to establish good cause for the extension of the time period for service of process." *Cunningham v. New Jersey*, Civ. No. 03-4970 (JEI), 2005 U.S. Dist. LEXIS 19628, at *8 (D.N.J. Sept. 12, 2005).

The purpose of the rule requiring that timely service of the summons and complaint be made "is to force plaintiff's and their attorneys to be diligent prosecuting their cause of action". *McWherter v. CBI Services, Inc.*, Civ. No 93-00018 (ACK), 1994 U.S. Dist. LEXIS 1341, at *6 (D. Hawaii Jan. 31, 1994). The ten-day period by which Plaintiff was required to effect service expired on July 8, 2021, 106 days ago. Dismissal is required based on to this failure. *See Houser v. Williams*, Civ. No. 16-9072 (CCC), 2020 U.S. Dist. LEXIS 43518 (D.N.J. March

12, 2020) (dismissing complaint where plaintiff was informed by the court that he was required to effectuate service within ninety days, but failed to do so).

Here, nearly four months have elapsed since Plaintiff was directed to serve the Second Amended Complaint. Even if Plaintiff's failure was inadvertent or due to a medical issue at one time, that excuse has not applied since mid-August. Plaintiff's cavalier approach to the Court's order and rules is plainly either willful conduct or bad faith.

Regarding the fifth factor, as to the effectiveness of sanctions other than dismissal, alternate sanctions would be ineffective. Plaintiff's ongoing disregard of her obligations as a litigant to comply with Court orders compels the conclusion that any sanction short of dismissal would be unproductive. Plaintiff had adequate notice that Gateway sought dismissal based on Plaintiff's noncompliance (Shapiro Decl. Exhibits C and E). Nonetheless, Plaintiff has failed to effectuate service. On these facts, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, Civ. No. 09-2460 (WJM), 2011 U.S. Dist. LEXIS 73428, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011) (*sua sponte* recommending dismissal after consideration of the *Poulis* factors where plaintiff ignored court orders and continued a pattern of noncompliance and dilatoriness); *Wortman v. Brown*, Civ. No. 05-1411, 2006 U.S. Dist. LEXIS 21222, 2006 WL 1044787, at *2 (D.N.J April 18, 2006) (concluding

that alternative sanctions would be ineffective where plaintiff blatantly failed to comply with court orders).

Regarding the sixth factor, Gateway has strong defenses to Plaintiff's claims which have not yet been presented because it has not been properly served and as such it has not answered or filed a motion in response to the Second Amended Complaint. In brief, Plaintiff was not terminated or otherwise discriminated against based on any claimed disability, and there was no failure to accommodate in violation of the ADA. Additional details concerning the facts can be provided if required to adjudicate the motion.

In sum, the application of the *Poulis* factors to the instant circumstances favors granting Gateway's motion for dismissal based on Plaintiff's noncompliance with the Court's order.

## CONCLUSION

For the foregoing reasons, Gateway Security Inc. respectfully requests that the instant motion be granted and this action be dismissed with prejudice and without leave to replead.

          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Peter T. Shapiro
    Peter T. Shapiro, Esq.
    Peter.shapiro@lewisbrisbois.com
    *Attorneys for Defendant Gateway Security Inc.*

Dated:   October 22, 2021

## **CERTIFICATE OF SERVICE**

  Peter T. Shapiro hereby certifies that on October 22, 2021, he caused the within Memorandum of Law to be served on all counsel of record and filed by ECF. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                /s/ Peter T. Shapiro
                 Peter T. Shapiro