**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 577-6260
*Attorneys for Defendant Gateway Security Inc.
sued herein as Gateway Group One*

| | |
|---|---|
| ARIELLE FLETCHER,<br><br>                             Plaintiff,<br><br>             v.<br><br>GATEWAY GROUP ONE, BENJAMIN OKOLI, STATE OF NEW JERSEY, COUNTY OF ESSEX, CITY OF NEWARK, CITY OF ELIZABETH, EMERSON RUSSELL, MAINTENANCE COMPANY AVIATION,<br><br>                             Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 20-cv-03413 (KSH)(CLW) |

**GATEWAY SECURITY INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..............................................................................................................2

    I.    Plaintiff Fails To Address The Controlling Legal Standards, Which Support Dismissal Under Rule 41(b) ......................................................2

    II.    The Court Should Reject Plaintiff's Rule 60 (b)Argument ..................4

        A.    Plaintiff Has Not Made a Sufficient Showing Under Rule 60(b)(1) ...........................................................................................5

        B.    Plaintiff Has Not Shown Extraordinary Circumstances as Required to Obtain Relief Based on Rule 60(b)(6) ....................9

CONCLUSION ...........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Ackermann v. United States*,
   340 U.S. 193 (1950) ................................................................................................ 10

*Bergen Cnty. v. Dole*,
   620 F. Supp. 1009 (D.N.J. 1985) *aff'd*, 800 F.2d 1130 (3d Cir.
   1986) ......................................................................................................................... 3

*Budget Blinds, Inc. v. White*,
   536 F.3d 244 (3d Cir. 2008) ..................................................................................... 9

*Nara v. Frank*,
   488 F.3d 187 (3d Cir. 2007) .................................................................................. 5, 6

*Pioneer Insurance Services Co. v. Brunswick Associates Limited
   Partnership*,
   507 U.S. 380 (1993) ............................................................................................ 5, 10

*Poulis v. State Farm Fire & Cas. Co.*,
   747 F.2d 863 (3d Cir. 1984) ............................................................................. 2, 4, 9

*Santiago v. N.Y. & N.J. Port Auth.*,
   No. 11-4254, 2016 U.S. Dist. LEXIS 91715, 2016 WL 3769353
   (D.N.J. July 14, 2016) ............................................................................................... 6

*United States v. Schiff*,
   538 F. Supp. 2d 818 (D.N.J. 2008) *aff'd*, 602 F.3d 152 (3d Cir.
   2010) ......................................................................................................................... 3

**Rules**

Federal Rule of Civil Procedure 41 ................................................................................. 4, 7

Federal Rule of Civil Procedure 41(b) ............................................................................. 1, 2

Federal Rule of Civil Procedure 60 .......................................................................... 1, 3, 4, 5

Federal Rule of Civil Procedure 60(a) .................................................................................. 5

Federal Rule of Civil Procedure 60(b) ........................................................................... 5

Federal Rule of Civil Procedure 60(b)(1) ............................................................... 5, 7, 9

Federal Rule of Civil Procedure 60(b)(6) ................................................................. 4, 9

## PRELIMINARY STATEMENT

Defendant Gateway Security Inc. Gateway"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this reply memorandum of law in further support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Gateway's moving memorandum of law ("Gateway's Memo."[1]) demonstrated that dismissal is warranted due to Plaintiff's failure to comply with the Court's order to effect service of process on Gateway. Plaintiff's belatedly filed opposing memorandum ("Plaintiff's Memo.")[2] fails to overcome that showing. Plaintiff does not address the applicable legal standards cited in Gateway's Memo. Rather than substantively addressing Gateway's showing or the pertinent authorities, Plaintiff relies on excuses that are insufficient to meet her burden and seeks to invoke Federal Rule 60 as a basis for relief despite failing to file a motion for relief under that rule. Plaintiff contends that the failure to comply with the Order issued more than four months ago until very recently should be excused because counsel was recovering from two surgical procedures and possibly COVID-19 related symptoms, all of which he has concededly long since recovered from without bothering to cure the default. There is no valid excuse for the protracted failure to effect service of process after counsel

---

[1] The abbreviations used herein are those defined in Gateway's Memo.

[2] Plaintiff's opposition was due on November 1, but was not filed until November 5, 2021. Plaintiff's counsel consented to this reply being filed by November 12 rather than the original November 8 due date in light of her own tardy filing.

1

recovered months ago. The conduct at issue is most accurately characterized as inexcusable neglect.

Further demonstrating Plaintiff's failure to comply with the Order, Plaintiff still has not filed proof of service via ECF as the Order required. Instead, Plaintiff only attached same to the opposition to the instant motion on November 5, 2021, filed nearly three weeks after service was allegedly made.[3]

## ARGUMENT

### I. Plaintiff Fails To Address The Controlling Legal Standards, Which Support Dismissal Under Rule 41(b)

Gateway's motion demonstrated that, based on analysis of the six *Poulis* factors, Fed. R. Civ. P. 41(b) supports dismissal based on Plaintiff's failure to comply with the Order, which required Plaintiff to serve the Second Amended Complaint on Gateway within ten days of June 28, 2021. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Plaintiff's Memo. fails to address any portion of Gateway's argument or any of the *Poulis* factors. It is essentially undisputed that Plaintiff's failure to comply

---

[3] Remarkably, Plaintiff claims to have served not only Gateway at its business address, but also its former employee Benjamin Okoli (despite being on notice that he is no longer employed by Gateway) and an unrelated entity, defendant Emerson Russell Maintenance Company, at the same address. Service on both of those defendants is a nullity in any event as Plaintiff was never granted leave to serve those parties out of time. It appears seriously subject to question whether valid service was actually attempted or carried out given the foregoing.

with the Order by timely serving Gateway: (1) is wholly Plaintiff's responsibility; (2) has prejudiced Gateway; (3) is characteristic of a history of dilatoriness; (4) shows bad faith and precludes a showing of good cause for failure to comply with the Order; (5) that sanctions other than dismissal would be ineffective; and (6) as to the merits, that Gateway did not terminate or otherwise discriminate against Plaintiff based on any claimed disability, and there was no failure to accommodate in violation of the ADA. Instead of addressing these mandatory elements, Plaintiff rests on Fed. R. Civ. P. 60, contending that counsel was unaware of and did not comply with the Order's service deadline because he was "recovering from two surgical procedures (in only three and a half months) and from COVID-19 related symptoms" (Plaintiff's Memo. pp. 4, 6).

The failure of an opposing brief to address an argument advanced in support of a motion constitutes a concession by the opposing party that the movant's argument is valid. *Bergen Cnty. v. Dole*, 620 F. Supp. 1009, 1014 n.3 (D.N.J. 1985) *aff'd*, 800 F.2d 1130 (3d Cir. 1986) ("Plaintiffs have not addressed all of these statutory grounds for relief in their point briefs and any ground for relief not briefed shall be deemed waived by this court"); *United States v. Schiff*, 538 F. Supp. 2d 818, 834 (D.N.J. 2008) *aff'd*, 602 F.3d 152 (3d Cir. 2010) ("No legal authority was submitted ... Thus, the Court concluded that the [party] was no longer pressing its argument ..., having waived by non-submission of a brief on the issue").

3

Remarkably, Plaintiff argues that the belated service of process was "within time" (Plaintiff's Memo. p. 7). Plaintiff has no possible legitimate argument that the untimely service and belated filing of proof of service took place "within time" under any rule or ruling of the Court.

Additionally, Plaintiff advances the insupportable argument that "Defendant's counsel has made misrepresentations to this Honorable Court, in order to obtain an unfair advantage in the instant litigation" (Plaintiff's Memo. p. 5). Plaintiff's unwarranted character attack as Plaintiff does not identify any such misrepresentation. The Court should give short shrift to this desperate attempt to place the blame on the innocent party and its counsel.

Given Plaintiff's failure to address the *Poulis* factors and to rebut Gateway's showing that those factors support granting the motion, this Court should rule that dismissal is warranted.

## II. The Court Should Reject Plaintiff's Rule 60 (b)Argument

In lieu of addressing the controlling Rule 41 standards, Plaintiff invokes Rule 60. Plaintiff has not shown sufficient grounds to satisfy the requirements of Rule 60 or Rule 41. Without any supporting authority, Plaintiff contends that counsel's illness rendered him unable to comply with the Order and that this failure to comply should be excused under Rule 60(b)(6) (Plaintiff's Memo. pp. 4, 6).

It is telling that Plaintiff claims entitlement to a free pass to avoid the consequences of non-compliance with the Court's order by invoking Rule 60(b) without actually explaining the requirements for relief thereunder or citing any authorities on point[4]. Plaintiff does not do so because the law is not in her favor. Plaintiff is not entitled to relief as she has failed to demonstrate either mistake or excusable neglect or extraordinary circumstances to justify relief under Rule 60(b).

Moreover, Plaintiff has improperly asked for relief under this rule through a memorandum of law in opposition to Gateway's motion and not through a separate motion or cross-motion. The failure to file a motion is yet another example of counsel's lax approach to this matter.

### A. Plaintiff Has Not Made a Sufficient Showing Under Rule 60(b)(1)

The Court should apply the four factors established in *Pioneer Insurance Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) and applied by the Third Circuit in *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007), to determine whether Plaintiff has "established excusable neglect sufficient to permit this Court to vacate its earlier ruling under Rule 60(b)(1). Those factors – which are not even addressed in Plaintiff's Memo. – are:

> 1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the

---

[4] The Court should ignore Plaintiff's invocation of Rule 60(a), which concerns the court clerk's correction of mistakes found in court orders.

>  delay and whether it was within the movant's control; and 4) whether the movant acted in good faith.

*Nara*, 488 F.3d at 194. *See also Santiago v. N.Y. & N.J. Port Auth.*, No. 11-4254, 2016 U.S. Dist. LEXIS 91715, 2016 WL 3769353, at *1 (D.N.J. July 14, 2016) Plaintiff would have had the burden of proving that she is entitled to relief under the four factors, had she actually acted properly by filing a motion seeking that relief instead of relying on a half-hearted opposing brief.

While the conduct in question may accurately be characterized as neglect, it is most certainly not of the "excusable" variety. Here, as in *Nara*, the failure for a protracted period to abide by a court order and evidence of an overall lax approach precludes a finding of excusable neglect. 488 F.3d at 194. There, the Court held that a more than six week delay in objecting to a magistrate's report and recommendation was not excusable given that party's other negligence in handling the case. Similarly here, the record shows that Plaintiff has acted improperly from the inception of the case: *viz,* Plaintiff filed suit under Title VII prematurely before receiving a right to sue letter, sued improper defendants for employment discrimination even though they were not her employer, and doubled down by opposing those defendants' motions to dismiss despite having no valid basis to support the claims, failed to effect valid service of process on Gateway, failed to timely file the Second Amended Complaint and then failed to serve it as directed, argued that the Order had been

6

complied with when it patently had not been, and then neglected to cause Gateway to be served for another protracted period.

Gateway's demonstration that the Rule 41 analysis supports dismissal underscores that Plaintiff cannot make the required showing under Rule 60(b)(1). With respect to the first factor, Plaintiff's failure has prejudiced Gateway in light of the time it has to spend litigating a case in which it was never properly served (Gateway Memo. pp. 3-4). Regarding the second factor, Plaintiff's noncompliance has undoubtably stalled this litigation. Had Plaintiff timely and properly effected service as the Court directed, the case presumably would be proceeding already.

Regarding the third factor, Plaintiff's explanation for the reason for the delay furnishes no explanation or excuse for the delay after counsel's recovery from illness which occurred by early August at the latest. By letter to the Court, dated August 19, 2021(Shapiro Decl. Exhibit C), Gateway apprised the Court (and Plaintiff) that it sought dismissal based on Plaintiff's failure to effectuate service within 10 days of the June 28, 2021 Order. Assuming *arguendo* that counsel had proffered a valid excuse based on his purported medical procedure in June 2021 – which is not conceded – this excuse would only cover the time period from June 28, 2021 (when the Order was entered) to August 6, 2021, when he filed Plaintiff's opposition to the County of Essex's second motion to dismiss (Docket No. 55), at which time he was obviously functional. As a result of Plaintiff's failure to submit a declaration from

counsel and the generalities relied upon, it is obscure exactly when counsel returned to work and how long after June 28 he learned of the Order.

The ten-day period by which Plaintiff was required to effect service expired on July 8, 2021, 102 days before service was supposedly made, on October 18, 2021. Notwithstanding that Gateway made clear on August 19 that it was seeking dismissal based on Plaintiff's noncompliance with the Order failure (Shapiro Decl. Exhibit C), Plaintiff did nothing to comply with the Order for roughly 60 days thereafter (six times the amount of time originally allotted for service). Counsel now attributes his failure to take action earlier to his having "waited for a response and for guidance from this Honorable Court" (Plaintiff's Memo. p. 5). The failure to act with alacrity is inexplicable and inexcusable given the Court's crystal clear Order that service of process be made, and in light of Plaintiff's patent, protracted noncompliance.

Plaintiff continued to fail to comply with the Order. Plaintiff's Memo. states that service was effectuated on October 18, 2021 and an affidavit of service so stating accompanies Plaintiff's Memo. (see p. 5). But in addition to effectuating service, the Order required Plaintiff to "promptly thereafter file proof of service" (Shapiro Decl. Exhibit A). Yet Plaintiff has still not filed proof of service on the docket; instead he merely annexes same to the opposition to the instant motion, filed nearly three weeks after service was supposedly made. This failure to abide by the Order's directives

even belatedly provides further support for the conclusion that dismissal is warranted under the *Poulis* factors.

Regarding the fourth factor, Gateway has already demonstrated that Plaintiff's willful failure to serve the Second Amended Complaint in blatant disregard of the Order constitutes bad faith for the purposes of the *Poulis* factors. See Gateway Memo. p. 6.

Based on the foregoing, Plaintiff has not satisfied the excusable neglect standard required for relief from the Order of dismissal under Rule 60(b)(1).

Plaintiff advances the additional argument under Rule 60(b)(1) that relief should be granted based on surprise and mistake. Yet Plaintiff fails to proffer any basis for the insupportable argument that a litigant can ignore court orders and then claim surprise when called to account for the consequences of such reckless conduct. Likewise, Plaintiff has not even attempted to show that anything that occurred or that counsel failed to do was the result of a mistake about the Order's directives, which were hardly ambiguous.

### B. Plaintiff Has Not Shown Extraordinary Circumstances as Required to Obtain Relief Based on Rule 60(b)(6)

Plaintiff also invokes Rule 60(b)(6). But Plaintiff has not made a sufficient showing to entitle her to relief thereunder. In order to vacate an order under Rule 60(b)(6) for a reason not addressed by one of the other five subsections, a court must find that there are "extraordinary circumstances." *Budget Blinds, Inc. v. White*, 536

9

F.3d 244, 251, 254 (3d Cir. 2008). The extraordinary circumstances must suggest that the party is faultless in the delay. *Pioneer Inv. Services. Co., v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 393 (1993) (citations omitted). In order to grant relief, a party's failure to act must be excused by an extraordinary situation; i.e, more than mere neglect, inadvertence, indifference, or careless disregard of circumstances. *Ackermann v. United States*, 340 U.S. 193, 199 (1950).

Plaintiff has not shown extraordinary circumstances. Counsel's apparently relatively brief medical condition during the time period when and after issuance of the Order, which forms the basis for the instant request for relief, does not suffice. Notably, no affidavit, certification or declaration from counsel has been proffered and the details of his infirmity are unclear and on the record the showing is insufficient to justify his neglect. Counsel clearly was able to draft and file opposition to a motion to dismiss in early August (Docket No. 55), and to draft and file correspondence with the Court on August 19 (Docket Nos. 58 and 60) when he saw fit to do so. Yet he seemingly could not be bothered to comply with the Order then or for at least two more months, when he caused the Second Amended Complaint to be served on October 18 (more than three months after having been Court ordered to do so). Likewise, Plaintiff offers no excuse for the failure to timely file proof of service.

## CONCLUSION

For the foregoing reasons, and those stated in the previously submitted papers, Gateway Security Inc. respectfully requests that this Court grant this motion in its entirety.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Peter T. Shapiro
    Peter T. Shapiro, Esq.
    Peter.shapiro@lewisbrisbois.com
    *Attorneys for Defendant Gateway Security Inc.*

Dated:   November 11, 2021

11

## **CERTIFICATE OF SERVICE**

      Peter T. Shapiro hereby certifies that on November 11, 2021, he caused the within Reply Memorandum of Law to be served on all counsel of record and filed by ECF. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                /s/ Peter T. Shapiro
                                                    Peter T. Shapiro